PALATINE INSURANCE COMPANY LT'D *v.* KATE NUNN.

[55 South. 44.]

1. FIRE INSURANCE. *Total loss. Limitation of liability. Policy.*
   Where the loss by fire is partial, but the injury by fire has rendered the building insured unfit for use for the purpose for which it was constructed and there are ordinances or there is a law prohibiting its reconstruction, the loss in such case is a total loss.

2. CODE 1906, SECTION 2592. *Valued policy law.*
   A provision in a fire insurance policy that the insurance company shall not be liable beyond the actual value destroyed by fire, for loss occasioned by ordinance or law regulating construction or repair of building, is written out of the policy by the valued policy law under Code 1906, section 2592.

APPEAL from the circuit court of Hinds county.

HON. W. A. HENRY, Judge.

Suit by Kate Nunn against the Palatine Insurance Company Limited. From a judgment for plaitiff the defendant appeals.

The facts are as follows:

Appellant instituted suit upon a policy of two thousand and five hundred dollars, insuring a two-story frame building from loss or damage by fire. The appellee claims in its plea that the damage is only fourteen hundred dollars, and is therefore not a total loss. To this plea a replication was filed, which set up that the house was within the fire limits of the city, and could not be repaired and rebuilt as a frame building, and was therefore useless, and the loss amounted to a total loss. A demurrer was filed to the replication, which was overruled; and, the insurance company declining to plead further, final judgment was rendered for the full amount sued for.

*Green & Green,* for appellant.

Filed an elaborate brief contending first that the valued policy law, Code 1906, section 2592, does not apply to the contract in this case; and second that conceding the applicability of the valued policy law to the contract in the case, it was not a valid exercise of power; and third that conceding the applicability of the valued policy law and its constitutionality, the ordinance of the city of Jackson was void, not authorized and violative of the Constitution. Citing the following authorities: *Assurance Company* v. *Phelps,* 77 Miss, (1900) 658; *Insurance Co.* v. *Shlenker,* 80 Miss. 682; *Turnipseed* v. *Hudson,* 50 Miss. 436; *Brown* v. *Royal Insurance Co.,* 102 Eng. Common Law, 853; *Brady* v. *Insurance Co.,* 11 Mich. 425; *Insurance Co.* v. *Garlington,* 18 S. W. 338; *Association* v. *Rosenthal,* 108 Pa. St. 474; *Insurance Co.* v. *Eddy,* 54 N. W. 856; *Sandberg* v. *St. Paul & D. R. Co.,* 83 N. W. 410; *Insurance Co.* v. *Garlington,* 66 Tex. 103, 18 S. W. 337; *Brady* v. *Insurance Co.,* 1 El. & El. 853; *Association* v. *Rosenthal,* 108 Pa. St. 471, 1 Atl. 303; *Monteleone* v. *Insurance Co.,* 47 La. Ann. 1563, 18 South. 473; Joyce Ins., sec. 3170; *Monteleone* v. *The Royal Insurance Co.,* 47 La. Ann. 1563, 18 South. 472; *Hewins* v. *London Assurance Corp.,* 184 Mass. 178; *McCrady* v. *Insurance Co.,* 61 App. Div. 584; *Association* v. *LeFlore,* 53 Miss. 1; *Ex parte Drexel,* 147 Cal. (1905) 766; *Mugler* v. *Kansas,* 123 U. S. 661, 8 Sup. Ct. 297; *Steel Co.* v. *State,* 66 N. E. (1903) 1007; *Allegeyer* v. *Louisiana,* 41 L. Re. 836; Section 1, Article 10 of the Federal Constitution; *Lochner* v. *New York,* 198 U. S. (1905) 56; *Harper* v. *California,* 155 U. S. (1184) 662; *Powell* v. *Pennsylvania,* 127 U. S. 678, 684; *Allegeyer* v. *Louisiana,* 165 U..S. (1896) 589; *Wilby* v. *State,* 47 So. Rep. 465; *Alley* v. *State,* 51 So. Rep. 467; *State* v. *Pipe Line,* 61 Ohio St. (1900); *State* v. *Marcus,* 185 N. Y. (1906) 257; 2 Story, Const. (5th Ed.), par. 1950; *People* v. *Otis,* 90 N. Y. 48; *State* v. *Goodwill,* 33 W. Va. 179, 10 S. E. 285;

*State* v. *Loomis,* 115 Mo. 307, 22 S. W. 360; *Com.* v. *Perry,* 155 Mass. 117, 28 N. E. 1126; *Godcharles* v. *Wigeman,* 113 Pa. St. 431, 6 Atl. 354; *State* v. *Jacobs,* 98 N. Y. 98; *People* v. *Gillson,* 109 N. Y. 389, 17 N. E. 363; *Millett* v. *People,* 117 Ill. 294, 7 N. E. 631; *Ritchie* v. *People,* (Ill. Sup.), 40 N. E. 454; *State* v. *Ashbrook,* 154 Mo. 375; *Booth* v. *Connecticut,* 4 Conn. 67; *Van Horn* v. *Dorrance,* 1 L. Ed. 391.

*Harris & Potter,* for appellee.

The question is here presented whether the loss was total or partial.

"The fair and reasonable interpretation of a policy of insurance against loss by fire, will include within the obligation of the insurer, every loss which necessarily follows from the occurrence of the fire to the amount of the actual injury to the subject of the risk, whenever that injury arises directly and immediately from the fire, or necessarily from incidental and surrounding circumstances, the operation and influence of which could not be avoided. Under this rule, what was the plaintiff's loss in the present case: The property insured was situated within the fire limits of Detroit, within which the reconstruction or repair of any wood building injured by fire was prohibited, unless by leave of the Common council. To hold that for an injury to the property which results, without fault of the insured, in a total loss to him, so far as value and use are concerned, the insured can only receive compensation to the extent of the appraised damage to the materials of which the building was constructed, and which were destroyed, would establish a narrow, illiberal and illogical rule. The value of the building consisted in its adaptation to use, as well as in the material of which it consisted and if it could not be restored to use after the fire, the loss was total."

*Brady* v. *Ins. Co.,* 11 Mich. 425.

"If a building covered by a policy is located within the fire limits of a city and is of such class that under certain conditions the city ordinances prohibit the repair or reconstruction of such building, recovery may be had as for a total loss when the repair or reconstruction of the building insured and damaged is prevented by reason of such ordinance." Cooley's Brief on Ins., vol. 4, 3050.

"In *Brady* v. *Insurance Company,* 11 Mich. 425, it was held that when an ordinance prevented the repair of a building which has been practically destroyed by fire, the loss was total, although the cost of restoring the building to its original condition would have been much less than the amount of insurance. The case seems to have been elaborately argued and the reasoning of the court by which the deceision was supported seems to us to be sound. The same principle has been recognized in other jurisdictions. *Monteleone* v. *Royal Ins. Co.,* 47 La. Ann. 1563; *Hamburg-Breman Ins. Co.* v. *Garlington,* 56 Tex. 103; *Larkin* v. *Glenn Falls Ins. Co.,* 80 Miss. 527. These cases support the general proposition that, where the law prohibits the repair of a building which has been partially destroyed by fire, in the absence of any express provision in the policy to the contrary, the loss is not measured by the sum required to restore the building to its condition before the fire, but it is total, less the value of the remaining materials for removal, since the change in the building is caused solely by fire, the difference in its value caused by that change is loss or damage by fire within the meaning of the policy." *Hewins* v. *London Assurance Co.,* 184 Mass. 177.

Under the city ordinances forbidding the repair of any wooden building within the fire limits, destroyed to the extent of one third of its value, a building so injured by fire constitutes by reason of the ordinance, a total loss. *Hamburg-Bremen Fire Ins. Co.* v. *Garlington,* 66 Tex. 103.

A building is totally destroyed where it is injured by fire to such extent, that under an ordinance of the municipality, it being within the fire limits, it can not be repaired, as such ordinance is a part of the contract of insurance and the insurer is bound thereby. *Larkin* v. *Ins. Co.,* 80 Miss. 527; *Ins. Co.* v. *Rosenthal,* 108 Pa: 474; *Ins. Co.* v. *Eddy,* 54 N. W. 856; *Sandbery* v. *St. Paul & D. R. Co.,* 83 N. W. 410; *Monteleone* v. *Royal Ins. Co.,* 56 L. R. A. 784, and note; Joyce on Ins., sec. 3170; May on Insurance, sec. 421a.

The question is presented in this case whether or not under our valued policy law, a company can limit its liability in a case of a total loss, as is here shown to have been sustained, by inserting in the policy a provision that the company shall not be liable "beyond the actual value destroyed by fire, for loss occasioned by odinances or law regulating construction or repair of buildings."

"An insurance company must determine the valuation of the property. It can then insure such parts of that valuation as the parties may agree on, but whatever amount it does insure, receiving premiums on that amount, is the final measure of its liability in. case of total loss, and it can not reduce this amount by inserting in the policy provisions seeking to impose upon the insured the burden of co-insurer. The amount named in the policy and on which amount the insured pays premium, is practically liquidated damages in case of a total loss. There is nothing harsh about the law. It was manifestly enacted to meet and remedy a thoroughly well known evil, and it is as perfectly a part of the contract, being written into it, as any other stipulation therein. The statute supervenes all policies issued under it and writes out of them all stipulations inconsistent with itself." *Insurance Co.* v. *Philips,* 77 Miss. 625; *Insurance Co.* v. *Shlenker,* 80 Miss. 667; *Insurance Co.* v. *Enslee,* 78 Miss. 157; *Insurance Co.* v.

*Antram,* 86 Miss. 224; *Havens* v. *Ins. Co.,* 26 L. R. A. 107, and note.

Counsel for appellant contends that section 3352, Code 1906, does not give the city of Jackson authority to enact the ordinance set out in the replication. This section gives the city the right "to establish fire limits; to regulate, restrain or prohibit the erection of buildings made of sheet iron, wood or any combustible material within such limits as may be prescribed by ordinance." This section not only gives authority to establish a fire limit, which we think would be enough (*Alexander* v. *Greenville,* 54 Miss. 659), but under section 3352, the city is given authority to regulate buildings made of sheet iron, wood or any combustible materials to restrain buildings made of combustible material within the fire limits or to prohibit altogether their erection therein.

Regulate is defined by Webster, "To adjust by rule, method or established mode, to direct by rule or restriction, to subject to governing principles of law." "To restrain is to prohibit, limit, confine or abridge a thing. It may be intended to prohibit or limit or abridge for all time or for a day only." 62 Fed. Rep. 831.

For the legislature to have been more specific when and how cities might act to prevent the great and well known evil of fire, would have been a limitation upon the power here granted. "Municipal corporations, with general power to provide for the safety of their inhabitants . . . . may, where this is consistent with the general and special legislation applicable to the municipality, establishes fire limits and prevent erection therein of wooden buildings." Dillon on Munic. Con., sec. 405; Tiedeman on Lim. Police Power, sec. 122.

"Of the power of th common council to pass the ordinance in question, we have no doubt. They contravene no public policy of the Constitution as we read it, and they were made in the exercise of a police power neces-

sary to the safety of the city. A regulation of the use of property or a prohibition of its repair when partially destroyed, cannot, to my mind, be regarded as a condemnation to public use. *Brady* v. *Ins. Co.,* 11 Mich. 425; *Davidson* v. *Walla Walla,* 21 L. R. A. 454; *State* v. *Johnson,* 114 N. C. 846; *Klingler* v. *Bickel,* 117 Pa. St. 326; *Alexander* v. *Greenville,* 54 Miss. 659.

In *State* v. *Johnson, supra,* where a building owned by Johnson of the value of two thousand dollars, situated in the fire limits of a town of Winston was damaged four hundred and ninety dollars, or less than twenty-five per cent of its value. The city had an ordinance forbidding repair on any wooden building within its fire limits without the consent of the counsel. Permission to repair was refused by the counsel and repair was undertaken notwithstanding. Johnson was arrested and convicted and the case affirmed by the supreme court, it holding that "while it might be unreasonable to prohibit even the slightest repair to wooden buildings standing within the fire limits prior to the passage of a statute or ordinance establishing such limits, the power to prevent repairs is delegated and presumably exercised for the protection of property, and where a wooden structure within the bounds is partially destroyed by fire already, it is not unreasonable to require a new roof to be made of material less liable to combustion, or to forbid the repair altogether when the damage to the building is serious. The decided weight of authority in this country is that municipal corporations have the right under the general welfare clause, usually contained in their charter without express legislative grant, to establish fire limits, forbidding the erection of wooden buildings within such limits, when such regulations are not inconsistent with the general laws of the state, and to make other regulations to insure against fire." 15 Am. & Eng. Enc. of Law (1 Ed.), 1170 and numerous cases cited; 28 Cyc. 741-2.

In the case of *Alexander* v. *Greenville,* 54 Miss. 659, where there was no grant of power to establish fire limits or to regulate, restrain or prohibit the construction of combustible buildings, this court held, ''The power to establish fire limits in the town of Greenville, and to prohibit the erection of wooden buildings therein, although not given by express terms, is by fair implication conferred on the town counsel by the charter. 1 Dillon on Municipal Corporations sec. 338.''

If the building could have been repaired and was not as badly destroyed as to require to be rebuilt, and appellant desired to raise the question of the reasonableness of the ordinance as applied to this case, then there should have been a rejoinder and not a demurrer to the replication. We do not contend that a municipality can act unreasonably or with undue harshness, or that it could prevent slight repairs, that would not increase danger from fire, but that is not the case made by the replication, which shows that the house was so seriously damaged that to restore it to any use, it was necessary to rebuild. Counsel contends that an ordinance providing that a building in the fire limits damaged to the extent of twenty per cent of its value, cannot be repaired, is unreasonable and gives instances where such might be the case. We suppose in such cases the board would allow the necessary repairs and while we do not concede that the limit of twenty per cent is generally unreasonable, we insist that such is not the case here where we have a' building damaged forty per cent and wholly unfit for the purpose of its construction or for any purpose whatever.

''The police power of municipal corporations to guard against unsafe buildings by ordering their demolition, will not be questioned and this exercise may be erroneous and the power may be abused, but it still exists, subject to judicial control and courts should not interfere with

it unless on very clear grounds." *Monteleone* v. *Ins. Co.,* 47 La. Ann. 1564.

The owner of the house herself could not and certainly the insurance company cannot bring the ordinance into question without bringing themselves within the limit complained of, in other words, if forty per cent is a reasonable limit and her property has been damaged to that extent, she cannot assail the law because the limit named in the ordinance might happen to be reasonable. *State* v. *Smylie,* 67 L. R. A. 903.

The court will see that the policy in question contains the provision that the company shall have the right to "repair, rebuild or replace the property lost or damaged with other of like kind and quality." The company under this provision had a right to undertake to rebuild the house in question and to litigate with the city and cannot now complain that appellees did not appeal from the order of the board denying her petition and refusing to allow her to rebuild.

Appellant assails the valued policy law of Mississippi as being violative if the Constitution of the United States, in that it impairs the obligation of a contract and denies it the equal protection of the law and deprives it of its liberty and property without due process of law, in half hearted sort of way, admitting "that this point has been decided against us in quite a few cases." We think this point has been absolutely settled against appellant's contention and that it is almost universally held by the courts, including the Supreme Court of the United States, that a state has the power to prevent the making of a contract within its borders by foreign corporations altogether, or it may impose such terms as it may deem expedient, provided they do not conflict with the exclusive power of congress. *Dagg* v. *Ins. Co.,* 35 L. R. A. 227; *Moses* v. *State,* 65 Miss. 56; *Paul* v. *Virginia,* 8 Wall 169; *Douglas* v. *Ins. Co.,* 94 U. S. 535; *Phil. Fire Assn.* v. *New York,* 119 U. S. 117; *Mining Co.* v.

*Penn.,* 125 U. S. 187; *Ry. Co.* v. *Penn.,* 136 U. S. 118; *Ins. Co.* v. *Dagg,* 172 U. S. 561.

WHITFIELD, C.

The policy of insurance in this case contains this clause: "This company shall not be liable, beyond the actual value destroyed by fire, for loss occasioned by or- dinance or law regulating construction or repair of build- ings." The insurance was for two thousand five hun- dred dollars. The property was worth about three thou- sand five hundred dollars. The damage inflicted by fire was about fourteen hundred dollars. The building was a frame building, within the fire limits of the city of Jack- son. The insured was prohibited from reconstructing the building by the ordinances of the city governing the repair and construction of buildings within the said fire limits. It is thoroughly well settled that in such case, where the loss by fire is partial, but the injury by fire has rendered the building unfit for use for the purpose for which it was constructed, and there are ordinances or there is a law prohibiting its reconstruction, the loss in such cases is a total loss. This is very clearly set forth in the case of *Sandberg* v. *St. Paul & D. R. R. Co.,* 80 Minn. 442, 83 N. W. 411. Indeed, we do not under- stand the learned counsel for appellant to deny this prop- osition.

The exact contention of the insurance company is that it and the appellee, by the clause above quoted, expressly contracted that the appellant should not be liable, beyond the actual value destroyed by fire, for loss occasioned by ordinance or law regulating construction or repair of buildings, and the appellant tendered the amount of fourteen hundred dollars, which was the loss inflicted directly by fire. The sole question before us on this the only material contention in the case is whether or not this clause in the contract of insurance was written out by virtue of the provisions of our valued policy law.

Section 2592 of the Code of 1906. The question is not one at all free from difficulty, and we have given it the most careful consideration. The authority chiefly relied on by the learned counsel for appellant is the case of *Hewins* v. *London Assurance Corporation,* 184 Mass. 178, 68 N. E. 62, and that case clearly holds that the defense here would be good, the contract stipulation referred to being valid, in a state where there is no valued policy law substantially like ours. We do not think the statute of Massachusetts, which is claimed to be like ours, is so substantially, and for that reason we do not regard this authority as controlling in this case.

We have found one case, *New Orleans Real Estate Mortgage & Securities Company* v. *Teutonia Insurance Company of New Orleans,* to be found in 54 South. 466, which does squarely hold, on a valued policy law substantially like ours, though not identical in its phraseology, that the very clause here relied on, to-wit, for loss occasioned by ordinance or law regulating construction or repair of buildings, is written out of the policy by the valued policy law of Louisiana. While the court does say, in its original opinion, that it did not wish to be understood as holding that the exemption from the liability clause in question was not inconsistent with the valued policy law of Louisiana, and that it expressed no opinion on that point, we do not well see how the judgment in the case could have been what it was, without holding that it was so inconsistent; and, indeed, this is made clear in the judgment rendered by the court on rehearing, in which, at the foot of page 469, the court does meet the issue squarely, and expressly holds that the valued policy law did write the exemption clause out of the policy, and that the statute so writing it out was one affecting the public policy of the state.

After the maturest thought we can give the matter, we are constrained to follow this decision of the supreme court of Louisiana, and hold that the clause of exemption

from liability, relied on in the policy before us, was written out by our valued policy law referred to above.
*Affirmed.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and for the reasons therein indicated, the judgment of the court below is affirmed.