JOHN J. DINNEEN, ADMINISTRATOR, APPELLANT, V. AMERICAN INSURANCE COMPANY, APPELLEE.

JOHN J. DINNEEN, ADMINISTRATOR, APPELLANT, V. DELAWARE INSURANCE COMPANY, APPELLEE.

FILED APRIL 3, 1915.   No. 17922.

1. **Insurance**: CONTRACT: LAWS AND ORDINANCES. When writing insurance on a building situated within the fire limits of a city, the insurance company is bound by the laws and ordinances of the city, and such laws and ordinances should be considered as a part of the policy.

2. ———: ———: AMOUNT OF RECOVERY: VALUED POLICY LAW: CONSTITUTIONALITY. When an insured building is injured by fire to such an extent as to destroy its use as a building and require it to be demolished or removed, the insured will be entitled to recover as

for a total loss. Such construction of the valued policy law does not deprive the insurance company of its property without due process of law.

3. ———: ———: Void Conditions. In such case any condition in the policy providing for the payment of a less sum than the amount of the insurance as written therein is void under the provisions of the valued policy law. Rev. St. 1913, sec. 3210.

4. New Trial: Motion: Time for Making. On the trial the jury made special findings of fact without rendering a general verdict. The court discharged the jury, with consent of the parties, and took the case under advisement. The plaintiff excepted to the special findings, and immediately filed a motion to set them aside and for a new trial. After considering the matters of law for some days, the court rendered a judgment in substance as requested by the defendant. Plaintiff, within three days, filed a motion for a new trial. Held, that such motion was in time and was a sufficient compliance with the rule.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. Reversed.

James B. Kelkenney and John E. Quinn, for appellant.

Baldrige, Keller & Keller, contra.

BARNES, J.

John Kennelly brought two suits in the district court for Douglas county on separate fire insurance policies, but died before the cases were tried. The actions were revived in the name of John J. Dinneen, administrator, and were subsequently consolidated.

It appears that each of the two defendants insured Kennelly against loss by fire to the extent of $1,500 on a three-story frame building situated within the fire limits of the city of Omaha. The insured property was damaged by fire on March 19, 1908. The city of Omaha, pursuant to an ordinance, prevented the repair of the building, and the owner was required to demolish it. Out of what remained after the fire, insured realized $210. Allowing credit for that sum, he demanded from each of the defendants $1,395. Before the loss occurred the value of the building was $5,000. The fire damaged the insured property to the ex-

tent of $1,200. Each of the policies contained the following provisions: "This company shall not be liable for loss caused * * * by order of any civil authority." "This company shall not be liable * * * for loss * * * beyond the actual value destroyed by fire, for loss occasioned by ordinance or law regulating construction or repair of buildings." In giving effect to these provisions of the policy, the district court rendered judgment against each of the defendants for $640.81, and from those judgments the plaintiff has appealed, claiming that, within the meaning of the contract of insurance and the valued policy act, the property was wholly destroyed, and that he was entitled to recover as for a total loss. Rev. St. 1913, sec. 3210.

Plaintiff contends that, where the property insured is realty, and is wholly destroyed without criminal fault on the part of the owner, the amount of the insurance written in the policy should be taken conclusively to be the true value of the property insured and the true amount and measure of damages. He argues that the statute eliminates from the insurance contract in controversy the conditions of the policies relating to loss occasioned by city ordinances regulating the construction or repair of buildings. It is also argued that existing laws and ordinances are parts of the insurance policies; that the building was damaged by fire beyond repair; and that as a result the insured property was totally destroyed. There is a stipulation in the record which recites, among other things, the following:

"That on the 19th day of March, 1908, while said contracts of insurance were in full force and effect, said building was burned and damaged by fire to such an extent as to require that it should be repaired before being fit for habitation; that said building was located within the fire limits of the city of Omaha; that Charles H. Withnell, building inspector of the city of Omaha, refused to grant plaintiff's application for a permit to repair said building, because, by reason of said fire, he claimed said building had depreciated in value to an extent greater than 50 per cent. of its original value, said building being a frame

structure and within the fire limits of the city of Omaha; that the said building inspector recommended to the city council of the city of Omaha that said building be torn down, and on the 17th day of July, 1908, upon a hearing on said recommendation, said building was condemned and ordered torn down by said city council because, in its opinion, said building was in bad condition and depreciated in value to an extent greater than 50 per cent. of value of similar buildings above foundation by reason of said fire; that plaintiff obeyed the order of the council, and notified defendants of this fact; that plaintiff notified defendants of the refusal of the building inspector to grant a permit to repair said building, and of the condemnation proceedings of the city council."

It was further stipulated, in substance, that the city ordinances pertaining to buildings within fire limits, as published in Thomas' Revised Ordinances 1905, were in effect at the time of the issuance of the policies herein, at the time of the said fire, at the time of the building inspector's refusal to grant said permit to repair and the condemnation proceedings of the city council. It is a well-established rule that a policy insuring against loss or damages by fire covers loss occasioned by a law prohibiting the repair of a building partially destroyed by fire. *Hewins v. London Assurance Corporation*, 184 Mass. 177; *Brady v. Northwestern Ins. Co.*, 11 Mich. 425; *Larkin v. Glens Falls Ins. Co.*, 80 Minn. 527; *Monteleone v. Royal Ins. Co.*, 47 La. Ann. 1563, 56 L. R. A. 784; *Hamburg-Bremen Fire Ins. Co. v. Garlington*, 66 Tex. 103; *Palatine Ins. Co. v. Nunn*, 99 Miss. 493.

In *Larkin v. Glens Falls Ins. Co., supra*, it was said: "The parties are presumed to know of the ordinances. They directly and materially affect their rights in case of a loss under the policy, and should govern and control in the adjustment and settlement of such loss. 4 Joyce, Insurance, sec. 3170."

In *Hamburg-Bremen Fire Ins. Co. v. Garlington, supra*, it was held: "That the parties having contracted in view

of the ordinance, the fire must be deemed the proximate cause of the loss, and the loss total."

In *Palatine Ins. Co. v. Nunn,* 55 So. 44 (99 Miss. 493), it was said: "A building insured against fire is a 'total loss' where, though only partly burned, it is rendered unfit for the purpose for which it was constructed, and there is an ordinance or law prohibiting reconstruction."

In the note to *Monteleone v. Royal Ins. Co., supra,* as reported in 56 L. R. A. 784, 793, it is said: "Whenever, by reason of the existence of local ordinances or regulations, it is rendered impossible to repair a partially destroyed building, the insured is liable as for a total loss."

Such is the rule in this state. *German Ins. Co. v. Eddy,* 36 Neb. 461; *Home Fire Ins. Co. v. Bean,* 42 Neb. 537; *Insurance Company of North America v. Bachler,* 44 Neb. 549. In the two cases last cited it was said: "Where real property is wholly destroyed by fire, any provision of a policy of insurance covering such property which in any manner attempts to limit the amount of the loss to less than the sum written in the policy is in conflict with the statutory rule, invalid, and will not be enforced."

The principal question in dispute in this case is whether an insurance company may embody provisions in the policy which provide that it shall not be liable for loss occurring by reason of any ordinance regulating the construction or repair of buildings. This precise point was considered and determined in *New Orleans Real Estate Mortgage & Securities Co. v. Teutonia Ins. Co.,* 128 La. 45, and in *Palatine Ins. Co. v. Nunn, supra,* and it was held that such provisions were invalid under a valued policy law. Considering the effect of our former decisions as to what constitutes a total loss, and also giving the valued policy law the weight and effect it seems to us that the legislature intended it to have, we must hold that the conditions of the policy limiting the amount of loss are invalid, and that the building was a total loss to the insured. The Massachusetts case (*Hewins v. London Assurance Corporation, supra*), relied upon is not based upon a valued policy law, and is not applicable.

It appears that a jury was impaneled to try the case, and at the conclusion of the testimony the plaintiff requested the court to direct a verdict in his favor for the amounts prayed for in his petitions. The court refused the request, and thereupon the jury were required to answer the following interrogatories: (1) To what extent was the property in dispute injured or damaged by reason of the fire itself of March 19, 1908? The jury answered: $1,200. (2) What was the value of the building insured immediately prior to the fire of March 19, 1908? The jury answered: $5,000. Thereupon they were discharged without having rendered a general verdict. The parties then agreed that the legal questions should be reserved for the decision of the court. The plaintiff at once filed a motion to set aside the findings of the jury and for a new trial, and the court took the case under advisement. On May 27, 1912, the court rendered the judgments of which the plaintiff complains. On the 29th day of May a motion for a new trial was filed and overruled, and the plaintiff thereupon perfected his appeal. As we view the record, the court erred in refusing plaintiff's request for a directed verdict as prayed for in his petitions, and defendants' contention that plaintiff failed to file his motion for a new trial within the time provided by statute cannot be sustained.

Finally, it is contended by the defendants that they were not brought before the building inspector or the city council at the time the orders were made refusing the plaintiff the right to repair the building and requiring the same to be demolished. Therefore to require them to pay the amount of the insurance named in the policies is, in effect, taking their property without due process of law. The stipulation shows that defendants had knowledge of the proceedings, but it is true that no summons or other written notice was ever served upon them requiring them to appear and defend against said finding and order. The ordinance contains no provisions for the service of such a notice. At most, the findings and order were mere ministerial or administrative acts, and were within the reason-

able discretion of the city authorities. If the injury to the building by the fire was so slight, and the repairs necessary so trifling that the action of the authorities in condemning the property was beyond all reason, they might have been restrained by a court of equity. Therefore this contention is not well founded.

It follows from what has been said that the conditions contained in the policies limiting the recovery to an amount less than is provided by the valued policy law are void. The trial court should have rendered judgment for the amounts claimed in plaintiff's petitions.

The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED.

LETTON, J., concurring.

We have held in this state repeatedly that it is not essential that a structure be totally destroyed in order to make the company liable for a total loss; it is enough that it be destroyed as a building. Other courts, upon good reason, have held that, when it was destroyed as a building by reason of the restrictions of building ordinances, it was a total loss. Our valued policy act provides: "The amount of the insurance written in such policy shall be taken conclusively to be the true value of the property insured *and the true amount of loss and measure of damages.*" Rev. St. 1913, sec. 3210. The insurance company had knowledge of this act when it made the contract, and might have adjusted, and perhaps did adjust, its premium rate to meet the liability. It seems to me that the provision written in the policy to the effect that the amount of insurance shall not be taken to be the true amount of loss violates this statute.

FAWCETT, J., dissenting.

I have no quarrel with the rule announced in the first paragraph of the syllabus of the majority opinion, that, "when writing insurance on a building situated within the fire limits of a city, the insurance company is bound by the laws and ordinances of the city, and such laws and ordi-

nances should be considered as a part of the policy," but I think the rule should work both ways, and hold that the owner of a building situated within such fire limits should also be bound by the ordinances of the city, and that such ordinances should be considered as a part of the policy he accepts from the insurance company. He knows, as well as the company, that, when a frame building situate within the fire limits is damaged 50 per cent. of its value, it cannot be repaired, but will be ordered torn down and removed. Both the insurance company and the assured, therefore, in entering into a contract of insurance, have the ordinance before them, and the simple question in this case is: May they enter into a contract, binding upon both, that the assured will assume the risk of having his building torn down after it has suffered a partial loss by fire, and that the insurance company will assume the risk of loss actually caused by the fire, but will not assume the risk of loss or damage to the building over and above that caused thereby, which may be occasioned by the action of the city authorities in ordering the building destroyed? Each of the contracting parties understands fully the part which fire may play in the destruction of such a building, and the part which the ordinance of the city may play in causing such destruction. The company assumes the risk of the former, and the assured of the latter. Is such a contract prohibited by the valued policy act? I think not. In such cases I think the rule is, and should be, that insurance against damage by fire protects the insured against loss resulting from the enforcement of an ordinance prohibiting the repair of his building after its partial destruction by fire, in the absence, and *only* in the absence, of an agreement to the contrary. *Hewins v. London Assurance Corporation,* 184 Mass. 177, 182. The provision in controversy relates to the causes of loss and the character, as well as the extent, of the insurer's risk or liability. On these matters parties may make their own agreements, unless they are hampered by valid legislation. A statute restricting the right of contract, as the valued policy law, should not be extended by implication or con-

struction beyond its import and purposes as disclosed by the language of the lawmakers. The purpose of the valued policy act is to prevent insurance at an overvaluation, and to deter insurers from taking reckless risks, by prohibiting them, after a total loss, from claiming that, at the time of issuing the policy, the value of the insured property was not equal to the amount of the insurance. Here the value of the property when the policy was issued and when the fire started is not questioned. The question here is the character of the risk assumed by the company. The statute by its own terms applies to insurance on property wholly destroyed. Where there is only a partial loss by fire, and the damaged building is for that reason demolished under police ordinances, enacted to protect the public against future fires, the character of the risk to be assumed by an insurance company is a lawful subject of contract. If a property owner desires insurance, limited to fire alone, intending to carry his own risk in so far as a city may prevent him from repairing a building partially destroyed by fire, how can he procure such indemnity if he cannot make a lawful contract including those terms? They are not inconsistent with the valued policy act, and there is nothing in the policy indicating a purpose to violate the law or to mislead or defraud the insured. It is a plain, straightforward, honest contract, voluntarily entered into between the parties, and the district court was right in enforcing it as the parties had made it.

ROSE, J., joins in dissent.