————o————

No. 6829.

## OTTO F. BRIEDE VS. COMMERCIAL UNION ASSURANCE CO.

### Syllabus.

1. Under the valued policy law of this State (*Act* 135 *of* 1900) an insurance company must restore the property damaged by fire to its original condition, if that can lawfully be done; but if this cannot be done the

120

property must be restored in accordance with the building laws in force at the time the policy is issued; otherwise the company must pay the assured the cost of doing so, not, however, in excess of the amount of its policy.

2. The only purpose of the valued policy law, and even of the policy itself, in distinguishing between total and partial losses, is to make it clear that the contract is one of indemnity, and not a mere wager; and the difference between the company's liability for a total loss and its liability for a partial loss is simply one of degree and not of kind.

Appeal from the Civil District Court, Parish of Orleans, No. 111,855, Division "B"; Honorable Fred. D. King, Judge. Judgment reversed.

John R. Upton, for plaintiff and appellant.

Howe, Fenner, Spencer & Cooke, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

Certain real estate belonging to plaintiff was insured in the defendant company for the sum of $10,000 and was damaged by fire.

To restore the damaged property to its original condition, that is, to replace the same with material of like kind and quality, would have cost plaintiff the sum of $8330; but to rebuild the same in accordance with the requirements of the building laws would cost an additional sum of $2500; or more than the full amount of the insurance.

The policy herein sued upon is on the New York standard form, required by Sec. 22 of Act 105 of 1898, which provides that the company shall in no case be liable beyond

"what it would cost the insured to repair or replace the same with material of like kind and quality" and shall not be liable for "loss occasioned by ordinance or law regulating construction or repair of buildings."

But since the adoption of the New York standard form in this State, and before the issuance of the policy herein sued upon, a "valued policy" law had been adopted in this State, to wit: Act 135 of 1900, which of course forms part of the policy; the more so as the policy itself so provides in a clause stamped across the face thereof.

But this "valued policy" law being later in date, supersedes all those parts of the New York standard policy in conflict with its provisions and as a law of public policy it can not be waived (*N. O. Real Estate Co. vs. Teutonia Ins. Co.*, 1298 *La.*, 66; *Denneen vs. American Ins. Co.*, 98 *Neb.* 97, 152 *N. W.* 307; *Palatine Ins. Co. vs. Nunn*, 99; *Miss.* 493, 55 *Southern* 44).

Hence the amount of the loss herein must be governed not by any expressions in the policy itself, but by the provisions of said "valued policy" law, *Act* 135 *of* 1900.

The law provides in substance (Section 2) that whenever immovable property shall be totally destroyed by fire the company shall pay the owner the full amount of the insurance thereon, or shall replace it at its own expense, without contribution from the owner; and whenever such property shall be partially destroyed the company shall pay such amount as will permit the insured to restore the damaged property to its original state, or shall do so at its own expense.

As we have said before so much of the policy as conflicts with the "valued policy" law is superseded by such law; and so much of said policy as fixes any other basis

of loss than that fixed in said valued policy law is of no force. Hence so much of said policy as provides that the company shall not be liable for "loss occasioned by ordinances or law regulating construction or repair of buildings" is null and void. *Dinneen vs. American Ins. Co.,* 98 *Neb.* 97, 152 *N. W.* 307.

The sole and only question remaining then is whether or not the loss herein incurred is a total loss or a partial loss within the meaning of Act 135 of 1900 (valued policy law).

For it is well settled, that whenever by reason of a building law or ordinance (in force when the policy issues) it becomes necessary to remove all that was left standing by the fire and replace the same by an entirely new construction the loss is to be considered **total** within the meaning of the policy itself, and a *fortiori* within the meaning of "valued policy" law. *Brady vs. Northwestern Ins. Co.,* 11 *Mich.* 425, *Monteleone vs. Ins. Co.,* 47 *La. An.,* 1563, *N. O. Real Est. Co. vs. Teutonia Ins. Co.,* 128 *La.* 45, *Larkin vs. Glen Falls Ins. Co.* 80 *Minn.* 527, 83 *N. W.* 409, *Dinneen vs. American Ins. Co.* 98 *Neb.* 97, 157 *N. W.* 307, *Palatine Ins. Co. vs. Nunn,* 99 *Miss.* 493, 55 *So. Rep.* 44.

But it is quite evident that it is not the necessity for **tearing down** what is left standing, which makes the loss a total one, but the impossibility, physical or legal of restoring the property to its original form.

For a building is insured **as a building,** not as a mass of materials, or an aggregation of independent parts, such as walls, foundations, roofs, etc.

If the roof, foundations or walls still left standing, even though intact, cannot be incorporated in a new building of like character with that destroyed, then the building

123

destroyed cannot be **repaired** but must be **rebuilt;** and having to be rebuilt, was necessarily totally destroyed.

Hence it is of no significance, that from motives of economy, the one proposing to rebuild should refrain from entirely demolishing that which still stands; but instead thereof should consolidate and strengthen what remains so as to comply with existing laws. As for instance where a wall has to be made thicker, or reinforced.

*Pennsylvania Co. vs. Philadelphia Construction Co.,* 201 *Penn. State* 497, 51 *Atlantic* 351.

For, as we have said, that which is insured is a **building,** and not the materials or independent parts thereof; and that which is to be restored is a **building** which must be restored to "its original condition"; when this cannot be done, whether physically or legally, the building is clearly destroyed beyond repair, and hence totally destroyed as a **building.**

Such is exactly the condition in the case at bar, the building insured was a lawful structure. It was entirely destroyed except portions of the front and side walls, which could be made use of in a new construction; but this new construction, to comply with the building laws, had to incorporate certain additions which were not in the old building, but which added nothing to the value.

Hence the loss to the insured was precisely the cost of reconstructing according to law. For it is certain that the insured had but one of two courses to follow; to reconstruct according to law, or demolish the walls which were still standing but otherwise of no use whatever to him. In either case the loss was total so far as the insured was concerned. Of course it goes without saying that the company's liability was limited by the amount of its policy; but up to the amount of that policy we think it was liable.

This seems to us to be the only course to be pursued; otherwise it is clear that the insured stands to suffer a total loss, and recover only for a partial one. And the very object of the valued policy law was to do away with the possibility of that condition.

Nor do we find anything to the contrary in the authorities cited to us by defendant. Those were cases in which no valued policy law was involved. *Royal Ins. Co. vs. McIntyre,* 90 *Tex.* 170, 35 *L. R. A.* 672, *Providence Inc. Co. vs. School Board,* 49 *W. Va.* 360, 38 *S. E.* 679, *Corbett vs. Ins. Co.* 155 *N. Y.* 389, 41 *L. R. A.* 318, and in *Hewins vs. London Assurance Co.* 184 *Mass.* 177, 68 *N. E.* 62, the principle which we have followed above was very clearly recognized but it was there held that the law which governed was the Standard Policy provided by law, the provisions of which were in conflict with the valued policy laws of the several states.

In other words, in Massachusetts the valued policy law (if there were any) was superseded by a later law prescribing the Standard Form of Policy; whereas in this State the conditions are reversed, and the law prescribing the Standard Policy has been superseded by the valued policy law as we had occasion to say at the beginning.

To sum up our conclusions, we say that under the valued policy law of this State, the Insurance Company must restore the property damaged to its original condition, if that can lawfully be done; but if this cannot be done the property must be restored in accordance with the building laws in force at the time the policy is issued; otherwise the company must pay the assured the cost of doing so, not, however, in excess of the amount of its policy.

There is another reason which we may assign for our conclusion. Counsel for defendant seems to think that

the provisions in the valued policy law, and even in the policy itself relative to total and partial losses were intended to establish some generic differences between the liability of an insurance company where the loss is total, and its liability when the loss is partial.

This is fundamentally erroneous; the difference between the liability of an insurance company in the one case or in the other is only one of degree and not of kind. Both policy and law are intended merely to make it clear that the contract is one of indemnity and not a mere wager; in other words that the company undertakes merely to indemnify the assured for the actual loss he may suffer, and not simply to bet him so much money that no fire will occur on his premises.

And if this be so we can perceive no sound reason for supposing that either the law or the policy intended a different method of estimating the amount of that loss in the one case from what would be proper in the other.

We are therefore of opinion that the plaintiff should recover the **amount sued** for.

Incidentally we may mention that in any event the assured is entitled to the cost of an electric motor ($170) used to run the elevator in the building, which we think was as much a part of the elevator and building as were the cables, pulleys, uprights and car; since the elevator was not complete without either.

But as the cost of restoring the building was in excess of the policy, this becomes immaterial.

The judgment appealed from is therefore reversed, and it is now ordered that plaintiff, Otto F. Briede, have judgment against the defendant, the Commercial Union As-

126

surance Co., Ltd., of England, for the full sum of sixteen hundred and seventy dollars ($1670) with legal interest from judicial demand and costs of both courts.

Opinion and decree January 9th, 1917.

Rehearing refused February 5th, 1917.

Writ denied March 13th, 1917.

Claiborne, J.: I concur in the decree on the ground that the loss was a constructive total loss.