Jack STEVICK, Plaintiff and Appellant,

v.

NORTHWEST G. F. MUTUAL INSURANCE COMPANY, a corporation, Defendant and Appellee.

Civ. No. 9608.

Supreme Court of North Dakota.

June 28, 1979.

Waldron, Kenner, Halvorson & Sturdevant, Minot, for plaintiff and appellant; argued by Richard W. Halvorson, Minot.

Pringle & Herigstad, Minot, for defendant and appellee; argued by Mitchell Mahoney, Minot.

ERICKSTAD, Chief Justice.

Jack Stevick (Stevick) appeals from a district court judgment dated December 15, 1978, that awarded him damages of $4,519.55 plus interest and costs from the defendant, Northwest G. F. Mutual Insurance Company, for fire damages sustained on property owned by Stevick and insured by the defendant. We remand to the district court for modification of the judgment.

On March 1, 1977, Stevick entered into an agreement to purchase a lot and house in Minot, North Dakota, to be used as rental property. The agreement provided for a possession date of April 1, 1977, with the buyer furnishing the insurance. Stevick subsequently obtained a $15,000 fire insurance policy on the property effective April 1, 1977. On August 3, 1977, a fire occurred on the property. The fire, confined primarily to the livingroom, caused damage to the carpet, walls, and furniture. In putting out the fire, the firemen broke some windows and the entire house suffered some smoke damage. An insurance adjuster employed by the insurance company estimated the fire damage at $4,519.55.

Following the fire, a housing inspector for the City of Minot inspected the property and on August 15, 1977, the building inspector sent a notice to Stevick ordering him to "move, repair, or demolish" the building before September 15, 1977. On September 7, 1977, the city's building inspector wrote to Stevick informing him that the house had been "damaged by fire, neglect, and general deterioration" and that because the "damage would appear to be in access [sic] of 60 percent of the appraised value . . . [the] zoning code would not allow this structure to be repaired."

On October 4, 1977, the building inspector sent a notice to Stevick informing him that a public hearing was scheduled before the city council on October 17, regarding condemnation of the house. Although Stevick was invited to attend, he did not do so. On November 15, 1977, the city council delivered a letter to Stevick advising him that the city had upheld the building inspector's decision to condemn the property and that Stevick had 30 days to appeal to district court. Stevick did not appeal the city council's decision nor did he apply for a building permit or make any effort to repair the building.

By summons and complaint dated October 20, 1977, Stevick brought this action against the insurance company for the full coverage amount of $15,000 on the grounds that he had suffered a total loss of the property. The district court awarded Stevick damages of $4,519.55, rejecting his argument for full coverage on the grounds the property was not totally destroyed by fire pursuant to Section 26–18–08, N.D.C.C., and the insurance policy did not "insure against loss occasioned directly or indirectly by enforcement of local ordinances." The district court also held that Stevick "was not justified in relying solely on the letter from the Building Inspector advising him that a permit to repair could not be issued." The district court found that at the time of the fire the property had an appraised value of $10,796 and a reproduction cost of $20,000.

Stevick states the following issue for review in this court: "Did the damage to Plaintiff's building constitute a total loss within the meaning of Section 26–18–08 of the North Dakota Century Code so as to

require payment of the face value of the policy?"

Stevick argues that although the building may have been only partially destroyed by fire, he has suffered a total loss because of the city's decision to demolish the building and therefore he is entitled to the face value of the policy pursuant to Section 26–18–08, N.D.C.C.

Section 26–18–08, N.D.C.C., known as the valued policy statute, reads:

"26–18–08. *Face of policy to be paid in case of loss by fire of insured real property.*—Whenever any policy of insurance shall be written to insure any real property in this state against loss by fire and the insured property shall be destroyed by fire without fraud on the part of the insured or his assigns, the stated amount of the insurance written in such policy shall be taken conclusively to be the true value of the property insured."

The insurance company responds that the insurance policy in question specifically excludes a total loss under the circumstances in question. The exclusion in the policy reads:

"*This policy does not insure against loss* :

"1. occasioned directly or indirectly by enforcement of any local or state ordinance or law regulating the construction, repair, or demolition of building(s) or structure(s) unless such liability is otherwise specifically assumed by endorsement hereon;"

The insurance company also argues that the house was not *destroyed* by fire pursuant to Section 26–18–08, N.D.C.C., but was damaged by fire and was subsequently condemned by the city pursuant to the city's building code.

If repair or reconstruction of a building damaged by fire is prohibited by municipal authorities acting under proper authority, the general rule is that the insured may recover from the insurer for a total loss. 6 J. A. Appleman and J. Appleman, Insurance Law and Practice, § 3822 (1972); 15 Couch on Insurance 2d, §§ 54:162–67 (1966); ANNOT. [Insurer's li-

ability as affected by refusal of public authorities to permit reconstruction or repair after fire], 90 A.L.R.2d 790 (1963). This result is viewed as an *extension* of the rule of constructive total loss, *i. e.* a fire loss is considered total if a building has lost its identity and specific character even though some parts remain standing. *Meccage v. Spartan Insurance Company,* 156 Mont. 135, 477 P.2d 115 (1970). Arguably, the same result is obtained if the insured is prevented by law from making repairs. In the former case, the fire loss is total in fact; in the latter case it is total in law. *Fidelity & Guaranty Insurance Corp. v. Mondzelewski,* 10 Terry 306, 49 Del. 306, 115 A.2d 697, 699 (1955).

In this case, however, a provision exists in the insurance policy that allegedly excludes from coverage a claim for total loss arising from compulsory condemnation. In jurisdictions in which no valued policy law exists, there is a split of authority in this situation. *See, e. g., Hewins v. London Assur. Corp.,* 184 Mass. 177, 68 N.E. 62 (1903) [exclusion upheld]; *Rutherford v. Royal Ins. Co.,* 12 F.2d 880 (4th Cir. 1926) [exclusion denied]; *Feinbloom v. Camden Fire Ins. Ass'n,* 54 N.J.Super. 541, 149 A.2d 616 (1959) [exclusion denied]. In cases decided under valued policy statutes, however, the courts have uniformly held that exclusions are to be given no effect if the insured suffers a total loss as a result of compulsory condemnation. *See, e. g., Stahlberg v. Travelers Indem. Co.,* 568 S.W.2d 79 (Mo.App.1978); *Metropolitan Mut. Fire Ins. Co. v. Carmen Holding Co.,* 220 A.2d 778 (Del.1966); *Fidelity & Guaranty Insurance Corp. v. Mondzelewski, supra; City of New York Fire Ins. Co. v. Chapman,* 76 F.2d 76 (7th Cir. 1935); *Scanlan v. Home Ins. Co.,* 79 S.W.2d 186 (Tex.Civ.App.1935); *Dinneen v. American Ins. Co.,* 98 Neb. 97, 152 N.W. 307 (1915); *Palatine Ins. Co. v. Nunn,* 99 Miss. 493, 55 So. 44 (1911).

In *Stahlberg v. Travelers Indem. Co., supra,* an insured appealed to a Missouri Court of Appeals from a judgment in favor of the insurer, alleging that the trial court erred in "(1) construing 'total loss' [in the

valued policy statute] to mean actual total physical loss, (2) finding respondent [insurer] was only liable for partial loss, and (3) finding the terms of the insurance policy to be controlling and the valued policy statute inapplicable." The Missouri Court of Appeals reversed the judgment in favor of the insurer and granted the insured recovery for total loss:

> "Appellant's [insured] building was partially destroyed by fire; he was then prohibited by law from repairing or restoring it and was ordered to demolish the remaining structure pursuant to municipal ordinance. By demolishing his building in compliance with the municipal order, appellant suffered a total loss." *Stahlberg v. Travelers Indem. Co.*, 568 S.W.2d 79, 84 (Mo.App.1978).

In so holding, the Missouri Court noted that the "exclusionary provision insofar as it attempts to limit the liability of the insurer to less than the face value of the policy in cases of total loss, is contrary to the valued policy statute and void."

In *Zuraff v. Empire Fire & Marine Ins. Co.*, 252 N.W.2d 302 (N.D.1977), we commented on our valued policy statute as follows:

> "The Valued Policy Act, § 26–18–08, NDCC gives to fire insurance policies, to the extent they apply to real property, the effect of a valued policy. Total loss of the real property results in full payment of the face value of the property without further evidence of actual loss. This provision becomes a part of every fire insurance contract entered into in the State covering real property, the same as if it were expressly incorporated into the policy. Any policy provisions conflicting with it are void since the benefits of the statute cannot be waived. 15 Couch on Insurance Second, § 54.111; 45 C.J.S. *Insurance* § 916.
>
> "Many states have similar provisions and such valued policy laws are founded on sound public policy. Their dual purpose is (1) to relieve the insured from the burden of proving the value of his property after its total destruction, and (2) to prevent overinsurance by discouraging insurance companies from collecting premiums on overvalued property, but then contesting value, and hence liability, when it becomes to their advantage to do so. *See Hight v. Maryland Insurance Co.*, 69 S.D. 320, 10 N.W.2d 285 (1943); *McMahon Bros. Realty Co. v. United States Fidelity & Guaranty Co.*, 217 F.Supp. 567 (D.Del.1963). Some measure of protection is thus given to the insured, and in addition, fixing a conclusive value beforehand may be a truer method of assessing damages than exploring the value after complete destruction of the premises." 252 N.W.2d at 305.

■ We believe that the word "destroyed" in Section 26–18–08, N.D.C.C., includes recovery for constructive total loss under the circumstances presented in this case. Whether the loss is in fact or in law total, the valued policy statute should apply and the insured is entitled to the face amount of the policy. Any policy provision that prevents the insured from showing that the loss is in law or in fact total runs directly afoul of the clear intent of the statute. *Zuraff v. Empire Fire & Marine Ins. Co., supra. See also Fidelity & Guaranty Insurance Corp. v. Mondzelewski, supra* 115 A.2d at 700.

In *Fidelity & Guaranty Insurance Corp. v. Mondzelewski, supra* 115 A.2d at 700, the Supreme Court of Delaware also addressed the argument that the insured could have purchased additional coverage for loss arising from compulsory condemnation:

> "The companies build an argument upon the fact that the Insurance Commissioner has approved . . . a form providing for demolition coverage occasioned by building laws upon payment of an extra premium. We are satisfied that this approval has no force sufficient to overcome the principles of law above set forth."

The insurer argues, however, that even if the valued policy statute controls over the exclusion in the policy, the insured's building in this case was not sufficiently damaged pursuant to municipal law to be de-

molished, *i. e.* it did not exceed 60 percent of its reproduction value as distinguished from its appraised value, and the building inspector's letter to the effect that the building could not be repaired was in error. The applicable ordinance is Section 20(1)(d) of the Minot Municipal Code, which provides as follows:

"d. A nonconforming building which has been damaged by fire, explosion, act of God or the public enemy to the extent of more than 60 percent of its reproduction value at the time of damage shall not be restored except in conformity with the regulations of the district in which it is located. When damaged by less than 60 percent of its reproduction value, a nonconforming building may be repaired or reconstructed and used as before the time of damage provided such repairs or reconstruction are commenced within one year of the date of such damage and completed within two years of the date of such damage."

The insurer also argues that because the insured failed to apply for a building permit or appeal the building inspector's decision in this case, he waived his rights.

In *Maryland Casualty Company v. Frank,* 85 Nev. 209, 452 P.2d 919 (1969), the Nevada Supreme Court was faced with a similar contention and held that the city's demolition order was conclusive proof of total loss. Furthermore, the Nevada Court held that the insured "had no policy obligation to repair or to appeal the condemnation order." *See also Stahlberg v. Travelers Indem. Co., supra* at 84–85; *Zalk & Josephs Realty Co. v. Stuyvesant Ins. Co.,* 191 Minn. 60, 253 N.W. 8 (1934).

■ Whether or not the damage exceeded 60 percent of the cost of reproduction, we need not determine on this appeal. We adopt the view of the courts of Nevada, Missouri, and Minnesota that the insured has no obligation to contest the determination of the city or to attempt to repair the building which has in effect been condemned.

Finally, insurer argues that in *Midwood Sanatorium v. Firemen's Fund Ins. Co.,* 261 N.Y. 381, 185 N.E. 674 (1933), a New York Court of Appeals found for the insurer under circumstances similar to those presented in this case. Because we adopted the New York standard fire insurance policy in Section 26–03–40, N.D.C.C., which the policy in this case conforms to, insurer argues that we should adopt any cases that interpret the policy.

In *Midwood,* the insurer issued a policy of fire insurance on premises owned and occupied by the insured as a sanatorium. The building was damaged by fire and although it could have been repaired with material of similar quality without violation of any municipal ordinance, the building could no longer be used as a sanatorium. The New York Court upheld an exclusion in the policy that provided the insurer would not be liable for any loss "exceeding the amount which it would cost to repair or replace the same with material of like kind and quality . . . without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair."

We believe that *Midwood* is clearly distinguishable on its facts and at least one court has so held. In *Feinbloom v. Camden Fire Ins. Ass'n, supra* 149 A.2d at 619, a New Jersey Superior Court stated that *Midwood* was not in point "because . . . it was possible to repair the building so that as a physical structure it complied with the building code. What happened . . . was that after the fire the use to which the building had been put before the fire was no longer permitted—a situation quite different from the one at bar."

We conclude that the insured has suffered a total loss pursuant to our valued policy statute, Section 26–18–08, N.D.C.C.; consequently, we remand this case to the district court with instruction that the judgment be modified to award the insured the full amount of the insurance policy.

SAND, PAULSON, PEDERSON and VANDE WALLE, JJ., concur.