John L. HERTOG, et al., Respondents,

v.

**MILWAUKEE MUTUAL INSURANCE COMPANY, Appellant.**

No. C2–87–847.

Court of Appeals of Minnesota.

Nov. 24, 1987.
Review Denied Jan. 20, 1988.

Derck Amerman, Wm. J. Keefer & Derck Amerman, Minneapolis, for respondents.

Willard L. Converse, Peterson, Bell, Converse & Jensen, St. Paul, for appellant.

Heard, considered, and decided by FOLEY, P.J., and WOZNIAK and CRIPPEN, JJ.

## OPINION

WOZNIAK, Chief Judge.

This appeal involves property damage claims under an insurance contract issued by appellant Milwaukee Mutual Insurance Company. Milwaukee Mutual Insurance Company contests the trial court's finding of coverage and subsequent award of the full policy limits. We affirm.

## FACTS

In April 1984 a tornado extensively damaged property owned by respondents John, Leo, and Ronald Hertog. Respondents owned and operated a floral center in St. Anthony, Minnesota. Although numerous greenhouses and additional structures made up the business, Milwaukee Mutual Insurance Company (Milwaukee Mutual) insured only the retail sales building and a single family residence. Most of the buildings were destroyed by the tornado; however, the retail sales building sustained damages of only $5,685.

The insurance policy issued to Hertog Floral, Inc. was entitled a "Special Businessowners Policy." The policy included replacement cost coverage for the retail floral building in the amount of $67,000, and insured "against all risks of direct physical loss." The policy additionally covered replacement cost for business personal property, loss of income, business liability, and certain medical expense coverage. Specifically excepted from coverage was loss "occasioned directly or indirectly by enforcement of any ordinance or law regulating the construction, repair or demolition of buildings or structures."

The eventual growth of the residential area around respondents' floral operation resulted in the operation's classification as a nonconforming use in a single family residential zone. The purpose behind the ordinance was to permit, but not encourage, nonconforming uses. St. Anthony, Minnesota, Ordinances § 14, subd. 1. The zoning ordinance further provides:

> Should a *non-conforming use* be destroyed by fire, collapse, explosion or natural disaster to an extent that over 75% of the fair market value of the structure as determined by the City Assessor is destroyed, then the structure shall not be reconstructed except in conformance with the provisions of this Ordinance.

*Id.* at subd. 2(7) (emphasis added).

Following the tornado, the Hennepin County Assessor determined from an inspection that 90% of the floral business property had been destroyed. The City of St. Anthony then informed respondents that the buildings could not be rebuilt under the ordinance because more than 75% of the property had been destroyed. The St. Anthony City Manager distinguished the destruction of over 75% of the floral business or "nonconforming use" as a whole from destruction of a building or structure, and interpreted the ordinance to apply to the retail floral center. The city informed respondents that the retail floral center had to be removed due to nonconformance with the ordinance, inadequate setbacks, and improper structure for use in a single family dwelling zoning area. Respondents were unable to sell the building, and it eventually was removed from the property.

Respondents sought to recover under the insurance contract, claiming the ordinance resulted in the building becoming a total

loss. Milwaukee Mutual offered to pay approximately $5,000 to repair the building, but refused to pay for a total loss, citing the provision in the insurance contract excepting coverage for loss occasioned by enforcement of ordinances.

Respondents initiated this action to recover under the insurance contract. The trial court found the retail sales building was a total loss because the city required its removal pursuant to the zoning ordinance. The court ruled respondents were entitled to $67,000 under the policy. Milwaukee Mutual appealed after the trial court denied its motion for amended findings or a new trial.

### ISSUES

1. Did the trial court err in determining the insured building was a total loss and the insured was entitled to full coverage under the insurance contract?

2. Did the city improperly apply the nonconforming use ordinance?

### ANALYSIS

■ 1. An insurance policy is a contract, and its terms determine both the rights and obligations of the contracting parties. *Employers Mutual Casualty Co. v. Kangas*, 310 Minn. 171, 174, 245 N.W.2d 873, 875 (1976). The paramount question in construing an insurance policy is what hazards the parties intended to cover. *Id.* Although ambiguities are resolved in the insured's favor, they are not read into the policy's plain language to provide coverage where it does not legitimately exist. *Id.*, 310 Minn. at 174, 245 N.W.2d at 876.

■ Generally, if repair or reconstruction of a damaged building is prohibited by a municipality acting under proper authority, the insured may recover from the insurer for a total loss. 6 J.A. Appleman and J. Appleman, Insurance Law and Practice, § 3822 (1972); 15 Couch on Insurance 2d §§ 54:162–67 (1966). Minnesota is a "valued policy" state (which commands a higher premium) and further requires that in cases of a total loss "the insurer shall pay the whole amount mentioned in the policy." Minn.Stat. § 65A.08, subd. 2 (1986). The purpose of the statute is to prevent overinsurance and avoid litigation by prescribing

definite standards of recovery in case of total loss. *Nathan v. St. Paul Mutual Insurance Co.*, 243 Minn. 430, 433–34, 68 N.W.2d 385, 388 (1955).

Here, the policy insures the direct physical loss and specifically excepts from coverage loss occasioned by any ordinance. Courts generally limit this exclusionary provision insofar as it attempts to limit the insurer's liability to less than the face value of the policy in cases of total loss because it is contrary to the valued policy statute. *See Stevick v. Northwest G.F. Mutual Insurance Co.*, 281 N.W.2d 60, 62 (N.D.1979); *Stahlberg v. Travelers Indemnity Co.*, 568 S.W.2d 79, 85 (Mo.App.1978).

In addition, the Minnesota Supreme Court has ruled that when parties enter an insurance contract which is surrounded by statutory limitations and requirements, they are presumed to have entered into the contract with reference to the statute, and the statute thus becomes part of the contract. *Larkin v. Glens Falls Insurance Co.*, 80 Minn. 527, 531, 83 N.W. 409, 410 (1900). In *Larkin*, a building partially destroyed by fire was condemned under an ordinance empowering the city inspector to condemn buildings destroyed to the extent of 50% of their value. The insurance company refused to pay for the building's total loss, and only offered to pay for the cost of repair. The court held the insurance company liable for a total loss under the policy because the parties were presumed to know of the ordinances which directly affected their rights and because public policy supported the need for authority to condemn dangerous buildings. *Id.*

*Larkin* and the cases which limit the exclusionary provisions relating to ordinances almost universally entail extensively damaged buildings which were ordered condemned under local ordinances. Here, the problem is that the retail floral building was not significantly damaged, but was ordered removed under the ordinance because 90% of the business or nonconforming use as a whole was destroyed. Milwaukee Mutual thus claims they are not liable for a total loss. They concede that respondents could recover under the policy if the retail building had been 50% destroyed.

They argue that any recovery of the total policy limits when the building sustained only minor damage is contrary to the language and intent of the insurance contract which allows recovery only for "direct physical loss" and not operation of a local ordinance.

While interpreting coverage for direct physical loss under the policy is a matter of contract, Milwaukee Mutual is presumed to have known of the ordinance under the rule enunciated by the Minnesota Supreme Court in *Larkin*. Further, *Larkin* mandates that the ordinance became a part of the contract, in direct contrast to the provision which excluded coverage for losses occasioned by the operation of an ordinance.

▇ The policy issued by Milwaukee Mutual to respondents was a "Special Businessowner's Policy" covering personal business property as well as loss of income. This policy not only covered the building, but business property, loss of income, and business liability. Milwaukee Mutual was fully aware respondents operated a large business which included additional buildings. Thus, they are presumed to have known of the effect the ordinance would have following the destruction of a significant portion of the business. The courts traditionally have disfavored exclusionary clauses such as this which force the insured to bear the loss occasioned by the ordinance. *See Stevick*, 281 N.W.2d at 62.

In addition, Minnesota now utilizes a "reasonable expectations of the insured" analysis in the construction of insurance contracts. *Atwater Creamery Co. v. Western National Mutual Insurance Co.*, 366 N.W.2d 271, 278 (Minn.1985). In *Atwater Creamery*, the Minnesota Supreme Court followed the policy that the objective and reasonable expectations of applicants could be honored even though the strict insurance policy language negated those expectations. *Id.* The doctrine affords Minnesota courts a standard to construe insurance contracts without forced reliance on arbitrary rules "which do not reflect real life situations and without having to bend and stretch those rules to do justice in individual cases." *Id.*

The destruction of 90% of the floral business by a tornado and operation of the zoning ordinance to eliminate the business was the precise reason respondents purchased insurance. Although the damage in this case is less direct than damage in prevailing case law, the tornado, in fact, caused the damage to the business which resulted in the retail building becoming a total loss through operation of the ordinance. The ordinance merely recognized that the "functional use" of the retail floral building and business as a whole could not be restored. Permitting recovery for total loss adheres to the policy of Minn.Stat. § 65A.08 to set definite standards of recovery in cases of total loss.

Similar to *Atwater Creamery*, we are hesitant to apply the strict contract language to negate recovery under the policy issued by Milwaukee Mutual when it does not reflect the "real life situation" or reasonable expectations of the respondents. We find that the trial court did not err in determining the respondents were entitled to full coverage under the insurance contract.

2. Milwaukee Mutual also contends it is not responsible for a total loss under the insurance policy because the City of St. Anthony improperly applied the ordinance. The ordinance regulates reconstruction of a commercial use "should a nonconforming use be destroyed * * * to an extent that over 75% of the fair market value of the structure * * * is destroyed."

The proper procedure and forum for an appeal alleging improper application of an ordinance by a city or county official is with the local government authority, such as a board of adjustment, under Minn.Stat. § 394.27, subd. 6 (1986). Other states have ruled that the validity of a condemnation award or order cannot be questioned when it was not contested before the proper board of appeals at the local government level. *See Goldring v. Kline*, 71 Nev. 181, 190–91, 284 P.2d 374, 378 (1955). Moreover, for purposes of determining the liability between the parties, the issue appears irrelevant because the city is not a party to this action, and the building already has been removed and declared a loss under the ordinance.

We nonetheless find the trial court did not err in failing to reverse the city's action under the ordinance. The ordinance prohibited reconstruction of a "nonconforming use" and clearly 90% of the nonconforming floral business was destroyed. The ordinance in its entirety reflects the intent to phase out non-conforming uses over time. The fact that the floral business constituted more than one "structure" and the retail building was not 75% damaged should not technically operate to frustrate the purpose of the ordinance. The St. Anthony city authorities testified the ordinance should be interpreted to apply to nonconforming uses as a whole, and not be limited to "structures." Statutes must be construed to give effect to the obvious legislative intent. *Knopp v. Gutterman,* 258 Minn. 33, 40, 102 N.W.2d 689, 695 (1960). Departmental practice in administration of statutes will control when the practice is reasonable. A statute is to be construed so as to render practicable where reasonably possible. *Id.* Under these particular circumstances, where 90% of the business was destroyed, application of the ordinance is reasonable.

## DECISION

The trial court did not err in determining respondents were entitled to full coverage under the insurance contract. The city did not err in applying the nonconforming use ordinance.

Affirmed.