KERN BREWING CO. *v.* ROYAL INSURANCE CO.[1]

1. ACCORD AND SATISFACTION—LOSS UNDER INSURANCE POLICY.

> Where the amount of plaintiff's loss by fire had been adjusted with the several insurers, but the extent of defendant's liability was in dispute, and plaintiff accepted a draft from defendant's agent for the amount admitted to be due him, and signed a receipt in full for all claims against defendant, plaintiff is concluded from recovering any balance claimed to be due under the policy.

2. SAME—LIMITATION ON AGENT'S AUTHORITY.

> The fact that, at the time of signing the receipt, plaintiff verbally reserved the right to sue for such balance, will not enable him to maintain his action, where it appears that he knew that defendant had instructed its agent to deliver the draft only on condition that a receipt in full be given.

Error to St. Clair; Vance, J. Submitted March 7, 1901. Decided June 4, 1901.

*Assumpsit* by the Kern Brewing Company against the Royal Insurance Company on a fire policy. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Phillips & Jenks,* for appellant.

*Crane, Norris & Drew,* for appellee.

MONTGOMERY, C. J. Plaintiff signed proofs of loss by a fire, to which a schedule and apportionment were attached fixing defendant's liability at $1,104.32. Plaintiff claims not to have known of this schedule and apportionment at the time of the signature, and that the policy and the amount of the whole loss show that defendant's proportion should have been greater. Defendant introduced testimony tending to show that plaintiff signed the proofs

---

[1] Rehearing denied July 19, 1901.

of loss with a full understanding of their contents, and admitted that defendant's policy covered the stock in but one building, instead of two, as it now claims. Subsequently, with a full understanding of the proofs which it had signed, and on the advice of its attorney, plaintiff accepted a draft for $1,104.32, and signed a receipt in full, said receipt being insisted upon as a condition to the delivery of the draft. Plaintiff claims that it reserved the right to recover against the company any balance.

The plaintiff was informed that the instructions given to the agent were to deliver the draft only on condition of the plaintiff's signing the receipt. It appears, therefore, that it was fully apprised of the limitations upon the agent's authority, and that it elected to sign the receipt and receive the draft knowing that the condition affixed by the company to the delivery of the draft to it was that it should receipt in full for all claims against the company. It should be held to have accepted the proposition made by the company, and the only question, therefore, is whether, in view of the dispute between the plaintiff and the defendant as to the extent of liability under this policy, the receipt of the amount admittedly due in full payment and discharge of the liability concludes the plaintiff. Upon this question the case is ruled by *Tanner* v. *Merrill*, 108 Mich. 58 ( 65 N. W. 664, 62 Am. St. Rep. 687, 31 L. R. A. 171 ). See, also, *Golden* v. *Illuminating Co.*, 114 Mich. 625 ( 72 N. W. 622 ).

The judgment will be affirmed, with costs.

HOOKER, MOORE, and GRANT, JJ., concurred. LONG, J., did not sit.