# Thomas v. Continental Insurance Co. of New York.

## (Decided February 14, 1911.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Insurance—Fire Insurance—Loss by Fire—Money Paid on Compromise—Action For Additional Recovery—Dismissal.—Where the owner of a dwelling house which was insured for $500 on the house, and $200 on the contents, accepted from the agent of the insurance company on a compromise, $350 in full discharge of his loss on the advice of a friend of his own selection, he may not retain the money so paid and seek to relieve himself of the effect of his discharge.

2. Before he can have any standing in court he must either pay back the money he received or tender it back, and failing to do either the court properly decided judgment against him.

J. T. A. BAKER and J. W. S. CLEMENTS for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

In October, 1906, appellant procured from appellee company a policy of insurance upon a house for $500, and personal property contained therein for $200. In January, 1908, while the policy was in force, the property was burned. The house was a total loss; the loss of the contents was partial. Following the fire, appellee's agent received notice that the title to the lot upon which the house stood was not in appellant when he procured the insurance, and that, after the insurance had been placed, a chattel mortgage was given upon the personalty covered by the policy.

On the ground that the insured had misrepresented the facts as to ownership or title, the company disputed the claim. Thereupon appellant sought the advise of an attorney, and, in company with him, went to see the agents of appellee. Again the grounds for refusal to pay were stated. Shortly thereafter, one Ponder undertook to adjust the loss for appellant, and, after some conferences between Ponder and appellant on the one side and the agents of appellee on the other, a compromise agreement was reached, whereby the company paid to appellant the sum of $350 in settlement of the claim. This

settlement was made on the 21st day of January, 1908. Appellant paid Ponder $25 for his services, and retained $325. Thereafter, on January 30, 1908, appellant procured a deed to the lot on which the house had stood, and on February 2, 1909, filed suit, in which he sought to recover of the insurance company the $700, credited by the money received.

He set up in his petition that he was an ignorant, colored man, and that appellee's agent, knowing this fact, took advantage of his ignorance and overreached and deceived him. Appellee answered, and, in addition to controverting the material allegations of the petition, pleaded affirmatively the facts out of which the dispute arose, the subsequent settlement and adjustment, and that no part of the money had been returned. Appellant then filed an amended petition, in which he pleaded that he did not discover the fraud practiced upon him until after he had spent the money received by him from appellee, and put it out of his power to return it; that if he had offered to return it, appellee would have refused to accept it. A motion to strike this amended petition from the record was overruled, as was also a demurrer thereto. The reply put in issue the material allegations of the answer, and denied that the $350 was paid or accepted in full settlement. The affirmative matter in the amended petition was traversed, and, on the issues thus made, the case went to trial. At the conclusion of appellant's testimony the case was taken from the jury on a peremptory instruction and judgment rendered for defendant.

In his testimony appellant shows that he held an option on the property at the time the insurance was taken out. The title was in another. He had the right to close his option, or not, as he saw fit. He was in possession under a lease. He stated that the morning after the fire he informed the agent of the company that he did not own the property, but was buying it; also that he had placed a chattel mortgage upon his personal effects in the house. The agent told him that they were not under any liability to pay him, but that any proposition which he had to make would be submitted to the company. That thereafter, the Reverend Mr. Sands advised him to get Mr. Ponder to adjust the dispute for him. Before accepting the services of Ponder, he consulted Mr. Fred Forcht, and together he and Forcht, or someone from

Forcht's office, went to the office of appellee's agents to discuss the matter with them. Nothing came of this interview; and later he sought out Mr. Ponder and gave him his policy, together with a list of his personal property. Ponder conferred with the agents, and informed appellant that he could do nothing with them. After this report had been made to him, he agreed to and did accept the $350, and executed the receipt; he took the check for $350 to the bank, cashed it, gave Ponder $25, and retained $325 himself. This is, in substance, his evidence.

The dispute over the validity of the policy was not a trumped up defense, but was one which, it appears, the agent of appellee believed to be good. With a knowledge of what the objection of the company was to paying the loss, appellant consulted an attorney of his own selection, and later accepted the services of one recommended by a friend, to adjust the dispute for him. In this no advantage was taken of him by appellee or its agents. On the advice of this man of his own selection the adjustment was made, and he got the money and signed the release. He may not retain the money and seek to relieve himself of the effect of the discharge. Before he can have any standing in court he must either pay it back or tender it. Titus v. Rochester German Insurance Company, 97 Ky., 567; L. & N. R. R. Co. v. McElroy, 100 Ky., 153. On this showing, that he had failed to do either, the court properly directed a judgment against him.

Judgment affirmed.