[No. 12558. Department One. June 24, 1915.]

HANS PEDERSON, *Appellant*, v. THE CITY OF TACOMA, *Respondent*.[1]

ACCORD AND SATISFACTION—COMPROMISE AND SETTLEMENT — PART PAYMENT—CONTRACT—PERFORMANCE. A complete accord and satisfaction is shown, where a city contractor, claiming $108,000 for extras on a million dollar contract, after the city's expert engineer found extra work to the amount of $47,000, less deductions in the sum of $25,100, and after conferences with the city council, entered into a written contract to accept $61,342, in bonds as the balance in full, and thereafter was paid the same, and receipted for the bonds in full satisfaction of the contract.

SAME. The accord and satisfaction of an unliquidated and disputed claim by acceptance in full of a certain sum is not affected by the fact that the debtor admitted the sum paid to be the amount due, as any sum may be agreed upon.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered May 27, 1914, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*Corwin S. Shank* and *H. C. Belt*, for appellant.

*T. L. Stiles* and *Frank M. Carnahan*, for respondent.

[1]Reported in 149 Pac. 643.

MOUNT, J.—This action was brought to recover an alleged balance of $33,813.65 as extras upon a contract with the city of Tacoma for the construction of the Nisqually electric power plant for the city. The answer of the city denied that there was any amount due from the city to the plaintiff, and alleged an accord and satisfaction entered into between the plaintiff and the defendant prior to the bringing of the action. The case was tried to the court without a jury. At the conclusion thereof, the court found that there had been an accord and satisfaction of the plaintiff's claims, and for that reason dismissed the action. The plaintiff has appealed.

We think there can be no doubt that there was a complete accord and satisfaction. It appears from the evidence that, in the year 1911, the defendant city entered into a contract with the plaintiff, whereby the plaintiff was to construct eight sections of the electric power plant for the agreed price of $1,074,918.27. The plaintiff thereafter entered upon the work, which was finally completed. Thereafter the plaintiff made a claim against the city for something more than $108,000 for extra work under the terms of the contract, and demanded payment thereof. The city thereupon employed an expert engineer to report upon the work. This engineer made a report showing that the plaintiff had performed extra work to the amount of $47,119.37, from which deductions should be made in the sum of $25,593.40. Thereafter several meetings were held between the members of the city council and the plaintiff, and it was finally agreed, on the 25th day of January, 1913, that the appellant would receive $61,342.79 in full settlement of his claims under the contract. It was then agreed that the city council would adopt a resolution and pass an ordinance providing for the payment of this money, and that a special fund would be created out of which the money should be paid. This was all done by the council, and on January 31, 1913, the plaintiff formally accepted the resolution in writing as follows:

"Tacoma, Washington, Jan. 31, 1913.
"To the Honorable City Council of the City of Tacoma:

"Gentlemen: I hereby agree to accept the sum of $61,342.79 as balance in full for the construction of sections one (1) to eight (8) inclusive, of the Nisqually power plant, under the terms and conditions of that certain resolution No. 6070, adopted by the city council of the city of Tacoma on the 29th day of January, 1913, upon the condition that the One Thousand Dollars ($1,000) retained under the terms of the resolution, shall be paid to me as soon as the two items of cleaning up have been taken care of, and upon the further condition that the sum of $60,342.79 is paid immediately in cash or valid warrants, and if in warrants, the same to bear interest at the rate of not less than six per cent (6%) per annum from the date hereof.

"Very respectfully, Hans Pederson,
"By Williamson, Williamson & Freeman,
"His Attorneys. By E. E. Freeman.
"Witness: Geo. G. Williamson."

Thereafter, upon the 20th day of February, 1913, the warrants and bonds were issued and delivered to the appellant, who acknowledged receipt thereof as follows:

"Received from the city of Tacoma the bonds provided for by the above ordinance, in full satisfaction of the contract for the balance of which the same were issued.

"Hans Pederson.
"Dated, Tacoma, Washington, February 20, 1913."

At the time of the trial, these bonds, and the warrants issued in pursuance of the agreement, had all been paid to the plaintiff. If there was no other evidence in the record, this is clearly sufficient to show an accord and satisfaction. But there is oral evidence strongly supporting this written evidence. The appellant, as we understand his contention, argues that, by reason of a recitation in the ordinance that the sum of $61,342.79 is due from the city to the plaintiff, there can be no accord and satisfaction by payment of the amount that the city admitted to be due. The evidence establishes clearly that the city was contending that there was a much less sum due, and that the appellant was claiming a

much larger sum; but by compromise an agreement was reached for the amount of $61,342.79. There was, therefore, a complete accord and satisfaction.

But if we may assume that the city agreed that $61,342.79 was due and that the appellant was claiming $108,000, the parties might agree upon either sum, and that would be an accord and satisfaction. Where a claim is in dispute, the parties may agree upon an amount to be paid, which amount when paid will constitute an accord and satisfaction. The rule is well stated in 1 C. J., p. 551, § 71, as follows:

"Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed, in satisfaction, operates as an accord and satisfaction, in the absence of fraud, artifice, mistake, or imposition, as the rule that the receiving of a part of the debt due, under an agreement that the same shall be in full satisfaction, is no bar to an action to recover the balance, does not apply, where plaintiff's claim is disputed or unliquidated. Under these circumstances there is a sufficient consideration for the settlement. The fact that the creditor was not legally bound to make any abatement of his claim, or that the amount accepted was much less than the creditor was entitled to receive and would have recovered had he brought action, or that he was induced to accept a part of his claim, by fear that he would lose the whole of it, does not in any way affect the operation of the rule, and it is of no importance which of the parties was right in his contention, or that in fact they were both wrong."

Upon both the law and the facts, we are satisfied that the trial court was right in finding that there had been a complete accord and satisfaction, and the judgment is therefore affirmed.

MORRIS, C. J., HOLCOMB, PARKER, and CHADWICK, JJ., concur.