[No. 15136.   Department Two.   April 2, 1919.]

Markham Shingle Company, *Respondent*, v. Royal Insurance Company, *Appellant*.[1]

Accord and Satisfaction (4)—Insurance (145)—Part Payment of Loss—Consideration.   There was a complete accord and satisfaction where insured, entitled under Rem. Code, § 6059-105½, to the policy value of a building destroyed by fire, agreed with the adjuster to a lump sum as the total loss, including partially destroyed items and a less value on the building, which was in dispute, and made proofs of loss for such sum and accepted the same in full payment; and it is immaterial that he claimed that consent was given in ignorance of the statute.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered April 20, 1918, upon findings in favor of the plaintiff, in an action upon a fire insurance policy, tried to the court.   Reversed.

*E. E. Boner* and *H. T. Granger*, for appellant.

*Bridges & Bruener*, for respondent, contended, among other things, that the giving of a receipt in full does not affect the rule that payment of a less sum in

[1]Reported in 179 Pac. 799.

discharge of a greater sum presently due, is without consideration. 1 R. C. L., p. 184 *et seq.;* 1 Cyc. 319; 1 Am. & Eng. Ency. Law (2d ed.), p. 413; 1 C. J. p. 539 *et seq.; O'Connell v. Arai,* 63 Wash. 280, 115 Pac. 95; *Thayer v. Harbican,* 70 Wash. 278, 126 Pac. 625; *Pederson v. Tacoma,* 86 Wash. 164, 149 Pac. 643; *Rhodes v. Tacoma,* 97 Wash. 341, 166 Pac. 647; *Price v. Mitchell,* 23 Wash. 742, 63 Pac. 514; *Sanford v. Royal Insurance Co.,* 11 Wash. 653, 40 Pac. 609; *Jaffray v. Davis,* 124 N. Y. 164, 26 N. E. 351, 11 L. R. A. 710, and note; *Fuller v. Kemp,* 138 N. Y. 231, 33 N. E. 1034, 20 L. R. A. 785, and note.

The demand was a determined and liquidated one. *Bright v. Hanover Fire Ins. Co.,* 48 Wash. 60, 92 Pac. 779; *Rauen v. Prudential Ins. Co. of America,* 129 Iowa 725, 106 N. W. 198; *Weber v. Head Camp, Pacific Jurisdiction, Woodmen of the World,* 60 Colo. 529, 154 Pac. 728; *Supreme Council, American Legion of Honor, v. Storey,* 34 Tex. Civ. App. 456, 75 S. W. 905; *Hayes v. Massachusetts Mut. Life Ins. Co.,* 125 Ill. 626, 18 N. E. 322, 1. L. R. A. 303; *Eldred v. Peterson,* 80 Iowa 264, 45 N. W. 755, 20 Am. St. 416; *Fire Insurance Ass'n v. Wickham,* 141 U. S. 564; *Peterson v. Breitag,* 88 Iowa 418, 55 N. W. 86; *Headley v. Hackley,* 50 Mich. 43, 14 N. W. 693; *Brooks v. White,* 2 Metc. (Mass.), 283, 37 Am. Dec. 95.

Where the insured insists that the loss is total, the agreement to arbitrate, or an arbitration had, fixing the amount, will not preclude him from bringing a suit for a total loss. *Pennsylvania Fire Ins. Co. v. Drackett,* 63 Ohio St. 41, 57 N. E. 962, 81 Am. St. 608; *Queen Ins. Co. v. Leslie,* 47 Ohio St. 409, 24 N. E. 1072, 9 L. R. A. 45.

An arbitration of a total loss is not a waiver of the valued policy clause. *Seyk v. Millers' Nat. Ins. Co.,* 74 Wis. 67, 41 N. W. 443, 3 L. R. A. 523; *Reilly v. Frank-*

*lin Ins. Co.*, 43 Wis. 449, 28 Am. Rep. 552; *Thompson v. Citizens' Ins. Co.*, 45 Wis. 388; *German Ins. Co. of Freeport v. Eddy*, 36 Neb. 461, 54 N. W. 856, 19 L. R. A. 707.

MOUNT, J.—This action was brought to recover $393.45 on a fire insurance policy issued by the defendant. Upon a trial of the case, the court made findings and entered a judgment in favor of the plaintiff. The defendant has appealed.

The facts are not disputed. They were found by the trial court substantially as follows: In March, 1916, the appellant issued to the respondent its policy of insurance insuring certain properties against fire as follows, to wit:

One two-story frame patent roof mill building and additions in the sum of $1,978; engines in the sum of $226; boilers and connections in the sum of $340; machinery, pulleys, etc., in the sum of $3,956; dynamo and dynamo engine in the sum of $100; one tile patent roof dry-kiln building and additions in the sum of $1,700; stock of lumber, shingles, etc., in the sum of $1,700. Thereafter, while the policy was in force, on the 28th day of September, 1916, a fire completely destroyed all of the property so insured, except the dry-kiln building and the stock of lumber and shingles. The fire was not caused through any criminal neglect or fault of respondent. Thereafter, within the time provided in the policy, respondent notified the appellant of the fire. Thereupon the appellant caused its adjuster to meet with the president of the respondent company concerning an adjustment of the loss. The adjuster and the president of the respondent company thereupon adjusted the loss according to the finding of the court, as follows:

"That the adjustment made on the mill building was in the sum of $1,584.55, being $393.45 less than the face of the policy of insurance on such mill building and additions, and that such adjustment and amount on such mill building and additions was arrived at without reference to and without considering the adjustment on any other item of insured property; that the amount of the adjustment on the engines and their connections was $226 and on the boilers $294.50, and on the machinery $3,802.48, and on the electrical machinery $100, total of adjustment $6,007.53; that at the time of the adjustment made on the said mill building and additions, the plaintiff protested to the said adjuster that it should have a greater amount for loss on the mill building and additions, and the adjuster refused such demand, and thereupon the plaintiff demanded of the said adjuster that the defendant rebuild the said mill building and additions, which demand the adjuster refused; that thereupon the adjuster drew up proof of loss to be signed and sworn to by the officers of the said plaintiff, and that the proof of loss as drawn by such adjuster did not set out the various amounts of the adjustments on the various items of insured property, but set out the total of such adjustments on the various insured items, in the sum of $6,007.53; that thereupon the plaintiff, through its president, duly executed the said proof of loss."

The court then found that this proof of loss was signed and delivered to the adjuster, and subsequently the appellant sent its draft in payment of said loss in the sum of $6,007.53; that the respondent accepted and cashed this draft, which expressly stated on its face that it was in full payment of all loss and demands on account of such fire, and at the same time the respondent delivered to the appellant the said policy of insurance. The court then found that there was no consideration for the acceptance by the respondent of the sum of $1,584.55 in full payment of

the loss on the said mill building and additions, and concluded that the respondent was entitled to judgment for $393.45.

The appellant argues that, because the respondent made out its proof of loss for $6,007.53 and was paid that amount, which it accepted in full payment of all loss and demands on account of such fire, there was a complete accord and satisfaction, and that the court erred in not so concluding. The theory of the trial court apparently was that there was no consideration for the adjustment of the loss of the building at less than the amount of insurance, and for that reason there was no consideration for that item and the respondent was entitled, therefore, to recover the full value of the building, under the provisions of § 6059-105½, Rem. Code. That section provides as follows:

"Whenever any policy of insurance shall be hereafter written or renewed insuring real property or any building or structure erected thereon or connected therewith, and the property insured shall be wholly destroyed, without criminal fault on the part of the insured, or his assigns, the amount of insurance written in such policy shall be taken conclusively to be the true value of the property when insured, and the true amount of the loss and measure of damages when destroyed. In case there is a partial destruction of the property insured, no greater amount shall be collected than the injury sustained: . . ."

We think it is apparent from the finding, hereinbefore quoted, that there was a partial destruction of the insured property. The insurance upon the boilers and connections was $340; the amount adjusted was $294.50. The insurance upon the machinery, pulleys, etc., was $3,956; and this item was adjusted at $3,802.48. Conceding that the respondent had a right to stand upon its claim that the value of the building should have been adjusted at the amount written in

the policy, viz., $1,978, it did not stand upon that claim, but agreed with the adjuster that the total of its loss under the policy was $6,007.53, including partially destroyed items with the item of the building. It is conceded, or at least the court found, that, upon this item of the value of the building, there was a dispute, for the court in its findings said:

"That at the time of the adjustment made on the said mill building and additions, the plaintiff protested to the said adjuster that it should have a greater amount for loss on the mill building and additions, and the adjuster refused such demand, and thereupon the plaintiff demanded of the said adjuster that the defendant rebuild the said mill building and additions, which demand the adjuster refused: . . ."

So it is plain that, even upon this item, there was a dispute as to the amount of loss. Thereupon the parties agreed that the total loss was $6,007.53, and a proof of loss to that effect was made and the respondent received a draft for that amount and acknowledged it in full payment. It seems too plain for argument that this was a complete accord and satisfaction of a disputed amount. The respondent insists that it did not know of the provisions of the statute, and for that reason consented to the amount. Plainly this does not relieve the respondent of the bargain which it made. It should have known the law as well as the value of the building insured; and if it was not satisfied with the lump sum which the adjuster agreed to pay for the loss, it should have stood upon the value as stated in the policy, or, being dissatisfied, it should have returned the draft and refused to accept it in full payment. We think this case is controlled by the rule of accord and satisfaction as stated in *Pederson v. Tacoma*, 86 Wash. 164, 149 Pac. 643; and *Williams v. Blumenthal*, 27 Wash. 24, 67 Pac. 393. It is true that

these were not insurance cases; but the rule must apply to insurance and all other cases where the parties agree upon disputed questions and settle the dispute by an agreed amount.

The judgment appealed from is therefore reversed, and the cause ordered dismissed.

CHADWICK, C. J., PARKER, FULLERTON, and HOLCOMB, JJ., concur.