THE HAMILTON COUNTY MUTUAL FIRE INS. CO. *v.*
ROSENBAUM.

(Decided April 29, 1929.)

*Mr. George H. Kattenhorn* and *Mr. Edward J. Babbitt,* for plaintiff in error.

*Mr. Irwin Rosenbaum* and *Mr. W. Donald Hall,* for defendant in error.

HAMILTON, J. The action below was brought by the defendant in error, Solomon Rosenbaum, against the plaintiff in error, to recover a balance due under a policy of fire insurance issued on the property of Rosenbaum.

The fire occurred in the Rosenbaum property, and both the insurance company and the insured investigated the damages to the property and submitted the estimated cost of repairs. Negotiations were carried on between the insurer and the insured, looking to a settlement of the damage, and from those negotiations there resulted the payment of the sum of $475 to the insured by the insurer. This sum was

based on the estimated cost of repairs. The insured elected to make the repairs.

The fire occurred December 16, 1925. The settlement was made on December 22, 1925, and a check given in the settlement was cashed December 26, 1925.

On the 29th of December, 1925, after an examination of the building, the city authorities issued an order of condemnation of the building, and later several times refused a permit to repair the damaged property. Later the plaintiff sought to return the money received by him from the insurer, but it was refused by the company. The amount of the policy was $1,000. The action was for the sum of $525, the balance of the policy unpaid, upon the theory that the loss was a total loss and that the settlement was made under a mutual mistake of fact.

The defense was accord and satisfaction, and the company contends that the accord and satisfaction was entered into, not under a mutual mistake between the parties, but that the insured, before entering into the settlement, had ample opportunity to ascertain whether or not he could secure a permit, and that the company was under no obligation so to do and did not have in mind at the time of the settlement the securing of a permit for the making of the repairs which the insured had elected to make.

The case was tried to the court and resulted in a verdict for the insured, plaintiff below, for said sum of $525, with interest. From that judgment, the insurance company prosecuted error to this court.

The trial court found the settlement and accord was entered into under a mutual mistake between the parties; that the mutual mistake consisted of

the fact that both parties considered the loss a partial one, and that the building could be repaired, whereas the loss as a matter of fact was a total one, and the building unrepairable.

It has been frequently held that the loss resulting from a refusal of the municipal authorities to issue a permit under its regulations and its power constitutes a total loss. Some of the cases so holding are *Larkin* v. *Glen Falls Ins. Co.*, 80 Minn., 527, 83 N. W., 409, 81 Am. St. Rep., 286; *Brady* v. *Northwestern Ins. Co.*, 11 Mich., 425; Wood on Insurance, Sections 445 and 446; *Palatine Ins. Co., Limited*, v. *Nunn*, 99 Miss., 493, 55 So., 44; *Dinneen, Admr.*, v. *American Ins. Co.*, 98 Neb., 97, 152 N. W., 307, L. R. A., 1915E, 618, Ann. Cas., 1917B, 1246.

The fact that the municipal authorities refused a permit and condemned the building is only pertinent· in establishing that the loss was a total loss within the meaning of Section 9583, General Code.

The mutual mistake, as appears from the evidence, is that the settlement was made on the mutual misunderstanding that the loss was not a total loss, when the facts are that the loss is total. Moreover, as above stated, the trial court in weighing the evidence found that there was a mutual mistake. The law is, and it requires no authorities on the proposition, that a mutual mistake will void an accord and satisfaction. Therefore, to reverse the judgment in this case, it would require this court to hold that the trial court's conclusion was manifestly against the weight of the evidence, which we do not so find. In fact there is no denial by the insurance company that the settlement was based on partial loss.

We are also of the opinion that the case of *Penn-*

*sylvania Fire Ins. Co.* v. *Drackett,* 63 Ohio St., 41, 57 N. E., 962, 81 Am. St. Rep., 608, in principle, applies in this case. The syllabus of that case is:

"1. An insured, by consenting to arbitrate the amount of loss sustained by fire, in pursuance to the provisions of the policy, is not precluded, in a suit upon the policy, from claiming and recovering as for a total loss, if the evidence sustains his claim. The provisions of Section 3643, Revised Statutes, being founded upon public policy, the insured cannot be held to a waiver of them.

"2. Where a building is so far destroyed by fire as to lose its identity and specific character as a building, and the parts that remain can not be utilized to advantage in its reconstruction, there is a total loss, within the meaning of Section 3643, Revised Statutes."

While there was no question of accord and satisfaction in the *Drackett case,* there was the proposition of the consent to arbitration under the terms of the policy. Arbitration can obtain only where there is a dispute based on a partial loss. The Supreme Court, in construing the "valued policy" statutes, old Section 3643, Revised Statutes, now Section 9583, General Code, in substance, held that, the arbitration being based upon the proposition that the loss was partial, and the loss being total, the provisions of the Code quoted, being founded upon public policy, could not be waived by the insured.

Applying that principle to the instant case, the settlement or accord and satisfaction, as designated by counsel, was based upon the consideration of partial loss, just as in the *Drackett case* the arbitration was consented to on that theory. If the insured could

not be held to have waived the statute in such case, no more could he be held to have waived the statute in a compromise settlement based on mistake as to the loss.

Counsel for the insurance company rely largely on the case of *Markham Shingle Co.* v. *Royal Ins. Co.,* 106 Wash., 309, 179 P., 799. In that case the court held that an accord and satisfaction was good even though the parties at the time were ignorant of a "valued policy" statute. That case, however, does not assist in the determination of the case under consideration. The case concerned a partial loss and a dispute as to the extent of loss and damage. It was conceded, and so found by the court, that the loss was partial. There was no reason for the comment of the court in the opinion on the fact that parties are presumed to know the law. The Washington "valued policy" statutes only applied when loss was total. The settlement was based on a disputed partial loss, and the decision was probably correct under the facts of the case.

In the instant case the loss was total, and, the settlement being based on partial loss, there was a mutual mistake which voids the settlement, and Section 9583 protects the insured to the extent of the amount named on the policy.

Judge Darby, in deciding the case, presented a written opinion, which is filed with the papers, in which he discusses the law and the facts in the case, and we are in accord therewith and with the conclusions reached.

*Judgment affirmed.*

CUSHING, P. J., and Ross, J., concur.