[No. 22585. Department One. December 29, 1930.]

GEORGE E. GREEN, *Appellant*, v. HARRY M. FULLER, *as Executor, Respondent.*[1]

[1]Reported in 294 Pac. 1037.

*Ben S. Sawyer,* for appellant.
*Kerr, McCord & Ivey,* for respondent.

HOLCOMB, J.—After presenting his sworn claim in probate to respondent, as executor, within the statutory period, and its rejection, appellant brought this action to recover $16,565 alleged to be a balance due, as the agreed and reasonable value, for services alleged to have amounted to $21,125, in addition to board and lodging provided for by Mrs. Bushnell, deceased, upon which had been paid sums aggregating $4,560. The complaint averred that $125 per month was the reasonable value of his services as private chauffeur for Mrs. Bushnell, in addition to board and lodging, covering a period of 169 months from March 19, 1914, to May 5, 1928, the date of the death of Mrs. Bushnell.

By answer, respondent denied that the services of appellant were continuous during the period stated in his complaint, admitted the payments alleged, denied that either the agreed or reasonable value of the services of appellant was $21,125, or any other sum or sums in excess of the amount paid to appellant by decedent. For an affirmative defense, respondent pleaded that all demands alleged by appellant, which had accrued more than three years before the date of the filing of his complaint on July 23, 1928, were barred by the statute of limitations. A further affirmative defense alleged that on about May 15, 1928, respondent paid to appellant all of the sums due him and appellant issued to respondent a receipt in full satisfaction of all claims and demands of every kind and nature, a copy of the receipt being as follows:

"May 15, 1928.

"Received from H. M. Fuller forty and no/100 dollars for services rendered Mrs. G. M. Bushnell in full to May 15, 1928.

$40.                                    George Green."

Respondent further affirmatively answered alleging that appellant had been fully and adequately paid for all services performed by him for decedent prior to her death.

By reply to the answer of respondent, after certain denials, appellant alleged that, after the death of respondent's decedent, appellant called on respondent explaining that he, appellant, was in need of some money; that respondent represented to appellant that respondent had not yet been appointed executor and could not pay any claim or debt of decedent, but would accommodate appellant by personally letting him have some money for his present needs; that thereafter respondent handed appellant forty dollars, stating that was all respondent could then spare, and at the same time asked appellant to sign his name to a paper which respondent prepared and which respondent represented to appellant was merely a receipt to respondent acknowledging the money; that appellant, wholly relying on such representation, signed the paper; that at no time did respondent represent to appellant that the receipt contained any reference as to its being payment in full for services rendered to decedent, but on the other hand assured appellant that respondent knew he had an honest claim for several thousand dollars against the estate, which would be taken care of in due course.

Upon the issues above stated, the case was tried to the court without a jury. After the conclusion of the trial, the court made findings of fact and conclusions of law in favor of respondent, refusing the findings

and conclusions proposed by appellant. Judgment was entered accordingly.

On appeal, ten errors are assigned for the reversal of the judgment of the trial court. A number of errors urged relate to findings and conclusions adopted by the trial court and those proposed by appellant and rejected. As urgently prayed by counsel for appellant, the entire record has been carefully examined rather than rely upon the abstracts. The testimony of all the material witnesses and the exhibits have been read.

The first two assignments of error urged and argued together are in admitting so-called self-serving declarations made by decedent and in her behalf by her agent. These consisted, among others, of purported answers to certain writs of garnishment in two justice of the peace courts, and in admitting testimony of the justice of the peace and evidence of his justice court record. These answers by decedent in her lifetime to certain writs of garnishment issued out of the justice courts against her were matters of public record and provable as such. Her answers were not made in view of any contest between herself and appellant. She was compelled by law to answer, and her answers cannot be called self-serving declarations in her own favor. The fact that they tend to corroborate the contention of respondent to the effect that appellant was not during that time claiming any such salary as $125 per month and board and lodging does not militate against the competency of the evidence.

Nor does the fact that some of these records, after diligent search by the justice, could not be produced in original form from the files of the justice of the peace, but were proven by carbon copies thereof which were made at the same time by Mrs. Ker, who represented decedent and also represented appellant as

attorney at law at the time, render them incompetent, as urgently insisted by appellant under other claims of error. The copies were identified by Mrs. Ker as being true copies of the originals which she made at the time. Hence the carbon copies were admissible as secondary evidence. *State v. Peeples,* 71 Wash. 451, 129 Pac. 108.

Appellant also complains that Mrs. Ker, having been attorney for decedent and also his attorney at the time, should not have been allowed to testify against him, because her testimony was privileged. Only communications which are confidential are protected as privileged as between attorney and client. Those which the attorney in the discharge of his duty to his client is of necessity obliged to make public, or those which are made to him for that purpose, cannot be said to be confidential and are therefore not privileged. Communications made to an attorney for the purpose of being conveyed by him to others are stripped of the idea of a confidential disclosure, and are therefore not privileged. 28 R. C. L. 573, § 152. Papers and documents in the hands of an attorney are not privileged, if the knowledge of their existence or the contents are made accessible to the public. Id. 576, § 167.

Under the above rules, the matters complained of were not privileged, which covers also a letter written by Mrs. Ker to the judgment creditor in one of the cases before a justice of the peace. Furthermore, that letter was not a communication between attorney and client, but was a communication made by the attorney to a creditor of the client, and could not be considered privileged in any event.

The letter of Mrs. Ker, dated October 25, 1927, to Pacific Mercantile Agency, Olympia, Washington, referred to the inclosure of the answer of garnishee

defendant in the case of Pacific Mercantile Agency v. George Green and wife and Mrs. Bushnell, garnishee defendant. She called attention to the fact that, by the answer of the garnishee defendant at the time the writ was served, Mrs. Bushnell owed Green $60. The letter then stated:

"Mr. Green receives $80 per month. He is the head of a family and is entitled to and will claim statutory exemption of $25 per week."

The above letter, written on behalf of both decedent and appellant, is strongly corroborative of the testimony of respondent that appellant received and claimed to receive only $80 per month as chauffeur. In his affidavit, sworn to before Mrs. Ker as notary, on October 21, 1927, he swore that his salary was $80 per month. These matters were strongly contradictory of his present claim. The checks that had been given him by decedent during her lifetime and by respondent, as her agent during the last several months of her lifetime when she was incapacitated, were apparently upon that basis. The payment made by respondent to appellant after the death of Mrs. Bushnell for one-half month was upon the same basis.

The trial court strongly intimated that he did not believe the testimony of appellant to the effect that he was induced by trick and artifice to sign the receipt for $40 made out by respondent after the death of Mrs. Bushnell. He admitted that he could read and write, his only explanation being that he did not read it because of the trust he placed in respondent. The trial court having all the witnesses before him evidently disbelieved the attempted explanation of appellant and held that the receipt was given for exactly what it stated. The trial court having accepted the evidence of respondent and rejected that of appellant upon the validity and good faith of the receipt, it evi-

dences an accord and satisfaction. *Pederson v. Tacoma,* 86 Wash. 164, 149 Pac. 643; 1 R. C. L. 194, § 30; 1 C. J. 551, § 71.

Having painstakingly reviewed the record we find that this case differs very radically from the facts and circumstances in the case of *Pelton v. Smith,* 50 Wash. 459, 97 Pac. 460. Nor is there such proof as there was in *Ah How v. Furth,* 13 Wash. 550, 43 Pac. 639; or *Morrissey v. Faucett,* 28 Wash. 52, 68 Pac. 352.

There is no preponderance of proof against the findings of the trial court which warrants us in reversing them.

We conclude that the judgment must be and it is affirmed.

MITCHELL, C. J., PARKER, and TOLMAN, JJ., concur.

MAIN, J. (concurring)—I am in accord with the majority opinion except wherein it is said that the receipt therein set out evidenced an accord and satisfaction. The theory of the appellant's case was that there had been no agreement between himself and Mrs. Bushnell as to the amount of compensation which he should receive, and he sought recovery upon *quantum meruit* for the reasonable value of the services rendered. The theory of the respondent was that there was a definite contract as to the amount of compensation which the appellant should receive, and that he had been fully paid. The trial court rejected the theory of the appellant. If there was a contract of employment specifying the amount of compensation and there was no dispute between the parties at the time the money was paid, for which the receipt was given, then the receipt could not evidence an accord and satisfaction. The receipt did not evidence an accord and satisfaction of an unliquidated claim because the trial court rejected the theory of the appellant that he was

entitled to compensation for the reasonable value of his services.

In the case of *Pederson v. Tacoma,* 86 Wash. 164, 149 Pac. 643, it was said:

"But if we may assume that the city agreed that $61,342.79 was due and that the appellant was claiming $108,000, the parties might agree upon either sum, and that would be an accord and satisfaction. Where a claim is in dispute, the parties may agree upon an amount to be paid, which amount when paid will constitute an accord and satisfaction. The rule is well stated in 1 C. J., p. 551, § 71, as follows:

" 'Where a claim is unliquidated or in dispute, payment and acceptance of a less sum than claimed, in satisfaction, operates as an accord and satisfaction, in the absence of fraud, artifice, mistake, or imposition, as the rule that the receiving of a part of the debt due, under an agreement that the same shall be in full satisfaction, is no bar to an action to recover the balance, does not apply, where plaintiff's claim is disputed or unliquidated. Under these circumstances there is a sufficient consideration for the settlement. The fact that the creditor was not legally bound to make any abatement of his claim, or that the amount accepted was much less than the creditor was entitled to receive and would have recovered had he brought action, or that he was induced to accept a part of his claim, by fear that he would lose the whole of it, does not in any way affect the operation of the rule, and it is of no importance which of the parties was right in his contention, or that in fact they were both wrong.' "

As I view the matter, there are no facts set out in the opinion which bring this case within that part of the rule which says that there is an accord and satisfaction for a liquidated claim when there is a dispute between the parties as to the amount due and a sum less than the greater amount claimed is paid and accepted. As stated, the case does not fall within the other branch of the rule, that of an unliquidated de-

mand, because the trial court rejected this theory and the majority opinion sustains the trial court.

Aside from the question of the receipt, there is ample evidence to sustain the judgment. Except as herein indicated, I concur in the opinion.