LONG *v.* ÆTNA LIFE INS. CO. OF HARTFORD, CONN.

1. INSURANCE—SETTLEMENT OF DOUBLE INDEMNITY CLAIM—FRAUD.
   In action on double indemnity clause of accident insurance policy, plaintiff's claim that she had been induced to accept single indemnity by insurer's fraud, *held,* without merit.

2. SAME—PROOFS OF DEATH—BURDEN ON BENEFICIARY TO SHOW RIGHT TO RECOVER DOUBLE INDEMNITY.
   Beneficiary claiming double indemnity under accident insurance policy has obligation, in proofs of death and claim of double indemnity, to inform insurer of facts warranting such recovery.

3. SAME—DENIAL OF LIABILITY—GOOD FAITH.
   Insurer's denial of double liability under accident insurance policy, *held,* not made in bad faith, on record.

4. SAME—UNLIQUIDATED CLAIM—COMPROMISE AND SETTLEMENT—CONSIDERATION.
   Claim of double indemnity under accident insurance policy is unliquidated, and payment of conceded single indemnity furnishes consideration for settlement of whole.

Appeal from Wayne; Campbell (Allan), J. Submitted April 13, 1932. (Docket No. 106, Calendar No. 36,407.) Decided June 6, 1932.

Assumpsit by Lillian M. Long against Ætna Life Insurance Company of Hartford, Connecticut, a corporation, on the double indemnity clause of an accident insurance policy. Judgment for defendant. Plaintiff appeals. Affirmed.

*Brown, Stoneman, Lorenzo & Springstun,* for plaintiff.

*Stevenson, Butzel, Eaman & Long (Leo W. Kuhn,* of counsel), for defendant.

FEAD, J. June 27, 1925, plaintiff's husband was in the basement of their home, cleaning clothes with

gasoline in an electric washing machine. An explosion occurred, his clothing was set on fire, and he was fatally burned. Plaintiff testified that, on hearing the explosion, she ran to a basement window, saw her husband dazed but without any fire about his person, saw the rafters on fire and that fire came down from the rafters and ignited his clothes.

The suit is upon a clause in a $1,100 accident policy held by plaintiff's husband, which provided double indemnity—

"if the injuries are sustained by the insured and by reason and in consequence of the burning of a building, provided the insured is therein at the commencement of the fire."

Counsel agree that the double indemnity clause does not apply if Mr. Long's clothes were ignited directly from the explosion or otherwise than from the burning building.

Plaintiff's claim under the policy was handled by her brother-in-law, Roy Long, who was State agent of a life insurance company. July 2d Mr. Long gave defendant written notice of the injury. July 17th proofs of death were prepared by him, sworn to and signed by plaintiff, making claim for double indemnity of $2,200, naming plaintiff as an eyewitness to the event causing the injury and death, and, accompanied by a separate affidavit of plaintiff, were forwarded to defendant. In none of these documents was it claimed that the insured's clothes caught fire from the burning building. The separate affidavit of plaintiff stated that she saw her husband—

"who at the above-mentioned time and place was engaged in act of cleaning some clothes with gasoline and gasoline was ignited and exploded by a spark from the electric motor attached to washing

machine in basement of his home which resulted in the fire which caused his body to be badly burned later resulting in death. About 80 per cent. of his body being covered with second degree burns.''

Defendant admitted primary liability under the policy but denied liability for double indemnity. Negotiations between defendant and Roy Long ensued, and, in November, it left a draft for $1,100 with him, accompanied by a release, reciting that the money was ''in full payment, satisfaction and discharge'' of the policy. Plaintiff accepted the draft and executed the release. Over a year later she tendered back the money, the tender was refused, and she brought this suit.

The court held the release binding on her, and entered judgment for defendant.

Plaintiff claims fraud in being induced to make the settlement, in that a representative of defendant told her she was not entitled to double indemnity because her husband did not die in the building. She said she relied on his statement of her rights. It appears, however, that she did not rely on the representation, because, after it was made, she presented claim for double indemnity, negotiations to obtain it were had by her agent, Roy Long, and she was guided by him in finally accepting settlement. There is no merit in the claim of fraud.

Plaintiff contends that the release is not binding on her because defendant did not in good faith dispute liability for double indemnity, in that defendant made no prior inquiry of plaintiff as to the facts of injury although she was the only eyewitness to the accident.

The proofs of death and accompanying affidavit, which assumed to describe the accident, did not state facts showing double liability. It is undisputed that,

in negotiations for settlement, Roy Long, plaintiff's
representative, told defendant's adjuster that he
had talked with plaintiff about the accident, that
there were no eyewitnesses to it, that no one saw
the deceased until he was outside the home after the
accident, and that, while he claimed double in-
demnity on his theory of the cause of death, he had
no specific evidence to support the claim. The obli-
gation was on plaintiff, in the proofs of death and
claim of double indemnity, to inform defendant of
the facts which entitled her to so recover. As she
failed to give the necessary information, defendant
was under no obligation to assume she had not
made full disclosure and to make direct inquiry of
her. It had a right to rely upon the statements of
the agent whom she intrusted with negotiations. It
may be added that defendant honestly could have
doubted plaintiff's version of the accident as she
told it in court. The record does not show that de-
fendant's denial of double liability was not made in
good faith.

Plaintiff had only one claim under the policy, the
amount of which depended upon the circumstances
of the injury. The fact that part of the claim was
conceded did not divide the liability into two liqui-
dated claims. Whatever the rule in other jurisdic-
tions, this court holds that such a claim is unliqui-
dated and payment of the conceded amount fur-
nishes consideration for settlement of the whole.
*Tanner* v. *Merrill,* 108 Mich. 58 (31 L. R. A. 171, 62
Am. St. Rep. 687) ; *Kern Brewing Co.* v. *Royal Ins.
Co.,* 127 Mich. 39.

The settlement was binding on plaintiff, and judg-
ment is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE,
NORTH, WIEST, and BUTZEL, JJ., concurred.