## Detroit Fire & Marine Ins. Co. v. Crayne.

(Decided Dec. 15, 1933.)

FRANK M. DRAKE and C. W. BENNETT for appellant.

VERT C. FRASER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

This is an action brought by the appellee, D. E. Crayne, against the appellant, Detroit Fire & Marine Insurance Company, to recover an alleged balance due on a fire insurance policy. From a judgment in favor of the appellee for the full amount sued for, this appeal. is prosecuted.

In March, 1931, the appellee bought from Cleo Maloney and his wife a house and lot in the city of Providence in Webster county, Ky. The appellee, as a part. of the consideration of purchase, assumed a mortgage then on the house and lot in favor of J. D. Wynn and. there was transferred to the appellee by the Maloneys the policy of insurance here in question in the sum of $2,000, which they had effected on this house, there being a loss payable clause in the policy in favor of the mortgagee. In November, 1931, the house which the appellee had thus bought burned and the proof shows. without contradiction that the loss was a total one. On December 10, 1931, an adjuster of the appellant met the appellee in Providence. What took place between the two is in sharp dispute. According to the appellee the adjuster informed him that he had discovered that the appellee had only paid $1,500 for the property; that although the house had been totally destroyed the lot was yet there, as was also a stable not covered by the policy upon the lot; that the lot and stable were well worth $300, which appellee conceded; and that hence all that. appellee was damaged was about $1,100, and that the adjuster said he would recommend this amount in settle--

ment of the loss claim assuring the appellee that this was all the latter could get on his policy. Appellee tentatively refused to take the $1,100 and said that he would confer with Mr. Wynn, the mortgagee, which he did. Appellee testifies that Mr. Wynn advised him that he believed that, if the appellee would raise somewhat the amount he would take over that offered by the adjuster, that the latter would meet the raise, and that, if he did, the appellee on the whole had better take it. Thereupon the appellee returned for a further interview with the adjuster and got the adjuster to raise his offer to $1,350. The appellee then stated that he would consult a lawyer about the proposed settlement but as he was about to leave for that purpose, the adjuster insisted that he sign a release settling for $1,350, and this the appellee did. A draft was given him for this $1,350, which draft was paid in a few days by the insurance company accepting the same at its home office in Michigan.

According to the insurance adjuster, he told the appellee that there was some question about whether the cause of the fire was incendiary or not; that an investigator of the company would soon be on the ground for the purpose of investigating the origin of the fire, and that the state fire marshal's office would also make an investigation; that the insurance company was denying all liability under the policy because of its belief as to the origin of the fire, but that, if appellee wished to settle for $1,100, the company would call off the investigation and pay appellee the money immediately, although under its policy it had a right to wait 60 days even though it was liable to pay; that this offer was subsequently raised to $1,350, at which figure the loss was settled; and that thereupon the company did call off its own investigation of the fire. It was admitted that the state fire marshal's office later investigated the fire, the investigation resulting in an indictment of appellee's son for arson. This suit was brought to recover the difference between the $1,350 paid by the appellant on this policy and the amount of the face of the policy, $2,000. For defense, the appellant pleaded the compromise and settlement above mentioned. The court submitted the case to the jury under an instruction, in substance to the effect that, if the company at the time of the settlement was in good faith questioning its liability under the policy sued on, and the appellee knew

that it was so questioning its liability, and that the settlement was made in order to avoid the investigation of the fire and in order to procure a prompt settlement and avoid litigation, then the jury should find for the company. Otherwise, for the appellee. The jury found for the appellee and judgment was entered accordingly. From that judgment, this appeal is prosecuted.

As grounds for reversal, the appellant insists that its settlement of this loss was a full release of all liability, for which reason it was entitled to a peremptory instruction in its favor. The appellee bases his right to a recovery on the case of Horn v. Atlas Assurance Society, 241 Ky. 226, 43 S. W. (2d) 675. In that case, a house upon which there was a policy of insurance was totally destroyed. The insurance company informed the insured that it could replace the destroyed property for about $500 less than the face of the policy, and, if the insured was willing to take the amount for which the company could replace the property, it would not replace the property but pay that amount to the insured in full settlement of his claim under the policy. There was no dispute about the loss being total or about the company being liable for the loss under its policy. The insured agreed to the terms of the company and it paid to him the amount for which it could have replaced the property. Later the insured sued the company for the difference between the face of the policy and the amount paid him and it was held that under our valued policy statute, Kentucky Statutes, sec. 762a-22, the insured was entitled to recover. The case pointed out that there was nothing in dispute between the insured and the insurer. The loss was admitted to be total. The liability of the company under the policy was conceded. These factors being true, the insurer could not in the face of the valued policy statute settle for less than the amount of the policy.

The appellant, on the other hand, argues strenuously that the Horn Case is inapplicable here because there was a dispute as to the liability of the company under this policy, not only because of the suspected origin of the fire but also because of a claimed depreciation in the value of the property since the insurance upon it was effected and because of a claim for fraudulent overinsurance; that it did not devolve upon it to disclose to the insured the grounds of its denial of lia--

bility in the negotiations leading up to the settlement; and that, if the settlement was made when liability under the policy was being denied by the insurer, such settlement is binding upon the insured. To sustain its position, appellant cites numerous cases, among which are Thomas v. Continental Ins. Co., 142 Ky. 265, 134 S. W 199; Titus v. Rochester German Ins. Co., 97 Ky. 567, 31 S. W. 127, 17 Ky. Law Rep. 385, 28 L. R. A. 478, 53 Am. St. Rep. 426; Kern Brewing Co. v. Royal Ins. Co., 127 Mich. 39, 86 N. W. 388; Markham Shingle Co. v. Royal Ins. Co., 106 Wash. 309, 179 P. 799.

The conflict between the appellant and appellee as to applicable law involved in this suit is more apparent than real. The appellant must concede that, if the facts of this case disclose a conceded total loss and no question of liability, but only an effort to settle a policy for less than its face value, then the Horn Case applies. On the other hand, the appellee must equally concede that, if the facts of this case are as claimed by the appellant, then the settlement effected is a bar to the instant suit. We thus see that at the outset it must be determined what were the facts surrounding this settlement. If the appellee's evidence is to be believed, there was no question about the loss being total and about the company being liable on its policy, it simply contending that it was not liable for the full amount of the policy, not because of any of the reasons which appellant says actuated the settlement, but solely because the appellee had paid less for the property than the face of the policy and he yet had after the fire the lot upon which the house stood and a stable in the rear. If these were the facts surrounding the settlement, the case is governed by the Horn Case since there was no dispute to settle in view of the valued policy statute, the loss being total and liability under the policy being admitted. On the other hand, if the appellant's evidence is to be believed, then the settlement effected was binding upon the parties and was a bar to this suit. This dispute as to what the facts surrounding the settlement were is exactly what the court submitted to the jury. Concretely stated, the instructions of the court in effect told the jury that if it believed appellee's version of this settlement, to find for him, if appellant's version, to find for it. There being a dispute as to what were the facts surrounding the settlement, the court correctly submitted that issue to the jury. The jury chose to believe appellee's ver-

sion of the settlement rather than that of the appellant, and, since it did, then the Horn Case did apply.

No error appearing in the judgment, it is affirmed.